RICHARDSON v. CANTRELL. (No. 7853.)

(Court of Civil Appeals of Texas. Dallas. Feb. 23, 1918.)

1. EVIDENCE ⬤320—BASED ON HEARSAY.

In action to rescind a personal property sale because the seller misrepresented the amount of an indebtedness which the buyer assumed as part of the purchase price, the buyer's testimony regarding the amount of such indebtedness, based on conversations with the seller's creditors, held inadmissible, because hearsay.

2. APPEAL AND ERROR ⬤1052(2)—HARMLESS ERROR—EVIDENCE.

In action to rescind a sale because of the seller's misrepresentations regarding an indebtedness which the buyer assumed, error in admitting hearsay testimony as to the size of such indebtedness, is not rendered harmless by the appellee testifying the seller admitted making misrepresentations, where the seller denied making such admission.

3. SEQUESTRATION ⬤12—AFFIDAVIT—SUFFICIENCY.

A sequestration affidavit reciting that affiant, who was described as plaintiff in a specified suit, was sworn and stated that he was the owner of the property "sued for as aforesaid," held sufficient, since the quoted words, by referring to the recital, make the recital substantially sworn matter.

4. SEQUESTRATION ⬤12—AFFIDAVIT—SUFFICIENCY.

Under a statute requiring a sequestration affiant to state that he fears the defendant or the person in possession of property will remove it from the county, etc., an affidavit stating that he feared defendant would do so held sufficient, although the property was then in another person's possession.

5. SEQUESTRATION ⬤12—BOND—CLERK'S APPROVAL.

Where a clerk of court files a sequestration bond and issues process thereon, his approval, though not indorsed on the bond, will be presumed, in absence of a showing that he did not approve the bond and that the writ was improvidently issued.

6. EXCHANGE OF PROPERTY ⬤11 — RESCISSION—MISREPRESENTATIONS.

The right to rescind a sale which involved the exchange of personal property is not lost merely because the exchange had taken place, where the parties could be restored to their former position.

Appeal from Hill County Court; J. D. Stephenson, Judge.

Suit by D. A. Cantrell against Joe Richardson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Wear & Frazier, of Hillsboro, for appellant. Clarke & Clarke, of Hillsboro, for appellee.

RASBURY, J. Appellee sued appellant in the court below to cancel for fraud a contract by which appellant sold and appellee purchased a small stock of confectioneries in the town of West, and for the recovery of an automobile delivered to appellant as part of the purchase price, aided by sequestration by which the sheriff seized and held the automobile pendente lite. There was jury trial with verdict for appellee, followed by similar judgment from which this appeal is taken.

By the terms of the written contract between the parties appellee agreed to pay $1,000 for the merchandise and appellant to accept for said sum appellee's automobile at $350, and the assumption by appellee of $650 of debts scattered among appellant's creditors, which included $350 due A. J. Hancock and secured by mortgage upon the business. According to appellee's testimony, which the jury adopted, appellant represented at the time the contract was executed that $650 was all the business owed, which statement appellee relied upon and believed. Immediately after taking possession of the business appellee discovered that the indebtedness was approximately $1,050, including the mortgage debt. Appellee at once repudiated the contract, tendered the merchandise back to appellant, which the latter refused to accept, and mailed appellant the storehouse key. Subsequently this suit was commenced, with the result stated.

[1, 2] The first contention we will consider is that arising over the admission of testimony. Appellee, while testifying in his own behalf, was asked by his counsel if, after

taking possession of the business, he made an investigation of the amount of the indebtedness against same, whereupon counsel for appellant requested and was granted permission to examine the witness upon his voir dire. The examination developed that appellee went to Waco and called upon certain merchants there, from whom he ascertained that they claimed the several amounts against appellant which made up the sum alleged. Objection was then made to appellee answering the question, on the ground that his information was hearsay. The objection was overruled and the witness permitted to answer that his investigation showed that appellant owed, including the mortgage debt, $1,050, and that he secured his information from the credit men of several wholesale concerns upon whom he called and had no information of his own in that respect. Obviously, the testimony is hearsay and should have been excluded. Counsel for appellee, in effect, concedes the incompetency of the evidence, but argues that appellant admitted to appellee that he misrepresented the indebtedness, and hence the error was harmless. Appellee did testify to such an admission on the part of appellant. Appellant, however, denied having made the admission. With the evidence on the controlling issue in the case so sharply drawn and evenly balanced, it is apparent that a case is not presented which would warrant us in saying that the error was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the case. We are constrained to believe it did.

[3] It is also contended that the court erred in overruling appellant's motion to quash the writ of sequestration on the ground that the affidavit therefor was insufficient. The precise point is that, while the affidavit contains all the matter required by the statute, such matter is not comprehended in the oath. The form used recites that Cantrell, who is described as plaintiff in a suit against appellant in the county court to recover a described automobile in the possession of Joe M. Hancock in Hillsboro, Hill county, appeared before the officer and being sworn says:

"He is the owner of said property by him sued for as aforesaid, and is entitled to the possession thereof and that he fears the defendant will remove same from the limits of Hill county during the pendency of this suit."

While it is true that part of the matter necessary to be sworn to by the affiant is used by the draughtsman as descriptive matter, nevertheless, that part of the affidavit actually included in the oath refers to and includes the descriptive matter when the affiant is made to say "by him sued for as aforesaid," and is in our opinion sufficient.

[4] We also conclude that it was not necessary to recite in the affidavit that appellee feared Hancock, the person in actual posses-

sion of the automobile, would remove same from Hill county during pendency of the suit. The statute requires that the affiant shall make oath that he fears the "defendant or person in possession will do so." The affidavit did recite that affiant feared the defendant would do so. That either would do so is sufficient, without reference to the actual possession of the property, since obviously the defendant or the person in possession for him might remove the property. Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; Whitaker v. Sanders, 52 S. W. 638.

[5] The failure of the clerk to indorse upon the sequestration bond his formal approval thereof furnishes in our opinion no ground for quashing the writ. It is the duty of the clerk to file and approve the bond. His approval thereof, though not indorsed thereon, when he has filed same and issued process thereon, will be presumed, in the absence of a showing that he did not approve the bond and that the writ was improvidently issued.

[6] We are also of opinion that appellee's petition stated a good cause of action as against appellant's special exception, which asserted that appellee's remedy, if any, was a suit for damages. Material misrepresentations of matters inducing an exchange of properties was alleged, together with a showing that the parties could be placed in statu quo. The fact that the respective properties had passed into possession of the parties did not affect the right to rescind, since rescission could not be had, save in such cases.

Because of the admission of the hearsay testimony adverted to, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.