## PIZZITOLA v. JEFFORDS. (No. 3398.)

Court of Civil Appeals of Texas. Texarkana.
May 12, 1927.

**1. Appeal and error &#9758;662(3)—Qualification of bill of exception held to require inference that motion to file finding of fact and conclusions of law was not called to court's attention and that no other request was made therefor (Rev. St. 1925, art. 2208).**

Court's qualification of bill of exception that he did not recollect motion for findings of fact and conclusions of law being called to his attention, pursuant to Rev. St. 1925, art. 2208, that it was his custom when such motions were called to his attention to immediately notify the prevailing attorneys to draft findings and submit them, and no such notice was given, requires inference that motion was not called to court's attention by counsel, and that no other request was made for filing findings of fact and conclusions of law.

**2. Trial &#9758;392(1)—Formal motion for filing findings of fact and conclusions of law is not required (Rev. St. 1925, art. 2208).**

Under Rev. St. 1925, art. 2208, formal motion for trial court to file findings of fact and conclusions of law is not required, and trial judge should not be expected to examine his docket for such motion, or take cognizance of one not called to his attention.

**3. Appeal and error &#9758;1071(1)—In view of testimony supporting finding for prevailing party, failure to file finding of fact held not prejudicial (Rev. St. 1925, art. 2208).**

Where conflicting evidence supported finding by trial court for prevailing party, filing findings of fact pursuant to Rev. St. 1925, art. 2208, would not be of any special benefit to appellant, and failure to do so was not injurious, even if refusal to do so was improper.

Appeal from Harris County Court; Ray Scruggs, Judge.

Action by C. D. Jeffords against Tony Pizzitola. From a judgment for plaintiff, defendant appeals. Affirmed.

S. B. Ehrenwerth and Fowler & Conn, all of Houston, for appellant.
Baker, Botts, Parker & Garwood, of Houston, for appellee.

HODGES, J. The appellee, a produce dealer in California, contracted to sell and ship

to appellant at Houston, Tex., a carload of lettuce. When the car arrived at Houston the appellant, after inspection, refused to receive and pay for it, on the ground that the lettuce was not up to the grade he had contracted for. Appellee sued and recovered a judgment for the sum of $204.50 as damages. The case was tried before the court without a jury.

[1] On the last day of the term the appellant filed a motion asking the trial judge to file findings of fact and conclusions of law. That was not done, and the appellant presents the failure as a ground for reversing the judgment. The court thus qualifies the bill of exception presenting that question:

"I have no recollection of this motion for filing findings of fact and conclusions of law being ever called to my attention. It is my custom, when such motions are called to my attention, to immediately notify the prevailing attorneys to draft the findings and submit them to me. No such notice was given in this case."

[2, 3] From this it is to be inferred that the motion was not called to the attention of the court by counsel for appellant, and that no other request was made for the filing of findings of fact and conclusions of law. Article 2208 of the Revised Civil Statutes 1925, provides that upon a trial by the court the judge shall at the request of either party state in writing the conclusions of fact found by him separately from the conclusions of law. No formal motion for that purpose is required, and the trial judge should not be expected to examine his docket for such a motion, or take cognizance of one not called to his attention. McCallen et al. v. Mogul Producing & Refining Co. (Tex. Civ. App.) 257 S. W. 918; Western Union Tel. Co. v. Trice (Tex. Civ. App.) 48 S. W. 770; Graham Refining Co. v. Graham Oil Syndicate (Tex. Civ. App.) 262 S. W. 142. Moreover, there is in this record a full statement of facts, to which the attorneys for both parties agreed. The testimony shows that there was practically but one issue of fact involved—was the lettuce shipped equal to the grade contracted for by the appellant? The testimony upon that issue was conflicting, but the judgment of the court necessarily involved a finding in favor of the appellee, and the testimony is amply sufficient to support that finding. The filing of findings of fact could not be of any special benefit to the appellant in the prosecution of this appeal.

We therefore conclude that no injury resulted, even if the court improperly refused to file findings of fact; and for that reason alone the assignment should be overruled. Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Riley v. Austin, 112 Tex. 216, 245 S. W. 907.

The judgment is affirmed.