**GULF, C. & S. F. RY. CO. v. WOODLEY.**
(No. 573.)

Court of Civil Appeals of Texas. Waco.
Nov. 17, 1927.

Rehearing Denied Dec. 15, 1927.

1. Trial ⟐⟐392(3)—Attorney's statement to judge that he guessed judge should file fact findings and law conclusions held not sufficient request therefor (Rev. St. 1925, art. 2208).

Under Rev. St. 1925, art. 2208, relative to requests for findings of fact and conclusions of law, the statement of appellant's attorney to the judge, who had come to the attorney's office to inform him of the outcome of the litigation, that he "guessed" the judge had better file findings of fact and conclusions of law, *held* not a sufficient request therefor, especially where judge at the time stated that, if attorney desired this to be done, to file request in writing.

2. Appeal and error ⟐⟐662(3)—Judge's qualification of bill of exception binds party accepting it with qualification and filing it as part of record.

Judge's qualification of a bill of exception is binding upon a party if he accepts it with the qualification and files it as a part of the record.

3. Trial ⟐⟐392(1)—Trial judge's failure to file findings of fact and conclusions of law is not error unless appellant called court's attention to request to file (Rev. St. 1925, art. 2208).

Unless appellant's request to trial judge is file findings of fact and conclusions of law is called to judge's attention, it is not error for him to fail to file the same, since, under Rev. St. 1925, art. 2208, he is not required to examine the papers filed to ascertain whether said request was made.

4. Appeal and error ⟐⟐713(3)—Trial court's action on special exceptions, if assigned as error cannot be preserved by bill of exceptions, but must be shown affirmatively by judgment.

Action of the trial court on special exceptions cannot be preserved by a bill of exceptions, but the court's action thereon, if assigned as error, must be shown affirmatively by the judgment of the court as rendered.

Appeal from Coryell County Court; L. M. Stinnett, Judge.

Suit by O. E. Woodley against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and McClellan & Cross, of Gatesville, for appellant.

T. R. Mears, of Gatesville, for appellee.

BARCUS, J. Appellee filed this suit against appellant to recover damages which he claimed to have suffered in three separate shipments of cattle going from Copperas Cove to Fort Worth, Tex.; one shipment being made July 24, 1923, one August 30, 1923, and one September 8, 1924. He itemized his claim for damages to each shipment. Appellant answered by a general demurrer, special exceptions, and general denial. The cause was tried to the court, and resulted in a judgment being entered for appellee.

Appellant complains of the action of the trial court in failing to file findings of fact and conclusions of law. We overrule this assignment. Appellant presented to the trial court its bill of exception to the action of the trial court in failing and refusing to file findings of fact and conclusions of law, and the trial court qualified said bill of exception by stating, in substance, that, after the cause had been tried, he took the matter under consideration, and about an hour thereafter he went to the office of each of the attorneys for the litigants and informed them of the judgment he had rendered; that the attorney for appellant told him that he thought the judgment was all right, and then, as he went to leave the attorney's office, the attorney said, "I guess you had better file findings of fact and conclusions of law;" and that he replied "if you wish this done, file the request in writing." On the next

day the request for findings of fact and conclusions of law was filed in writing. This written request, however, was never called to the court's attention until 30 days after the adjournment of said court, and too late for the trial court to file said findings of fact and conclusions of law. The trial court further qualified the bill of exception by the statement that, at the time appellant filed its motion for new trial and at the time the motion was overruled, appellant's counsel requested and was given an order allowing him 80 days in which to prepare a statement of facts, and at said time no request was made for findings of fact and conclusions of law, and the court's attention was not called to the written request that appellant's counsel had filed for the judge to make same, and the judge states that he knew nothing of said request being made until about 30 days after the court had adjourned. As we construe the qualification which the judge made on the bill of exception, appellant's request for findings of fact and conclusions of law was never called to his attention.

[1-3] We do not think that it could be said that the attorney's statement to the judge in the attorney's office, that "he guessed the judge should file findings of fact and conclusions of law," was a request for same to be done, especially in view of the fact that the trial judge at the time stated to the attorney that, if he desired such, to file a request for same in writing. Appellant's counsel evidently did not consider his statement to the judge a sufficient request for him to file findings of fact and conclusions of law, because he did file the request in writing, but it is admitted by the record that he did not call the judge's attention to the written request, and then, when his motion for new trial was overruled, appellant asked and obtained from the trial court 80 days' time in which to file statement of facts, and did not at said time in any way suggest to the court his request for findings of fact and conclusions of law. The courts have uniformly held that the judge's qualification to a bill of exception is binding upon a party if he accepts same with the qualification and files it as a part of the record. Katy State Bank v. Katy Bank (Tex. Civ. App.) 283 S. W. 1114 (error dismissed); Payne & Joubert Machine & Foundry Co. v. Dilley (Tex. Civ. App.) 140 S. W. 496; McCallen v. Mogul Producing & Refining Co. (Tex. Civ. App.) 257 S. W. 918 (error dismissed); Johnson v. Frost (Tex. Civ. App.) 229 S. W. 558; Irwin v. State Nat. Bank (Tex. Civ. App.) 224 S. W. 246; Pizzitola v. Jeffords (Tex. Civ. App.) 294 S. W. 284; Graham Refining Co. v. Graham Oil Syndicate (Tex. Civ. App.) 262 S. W. 142; Baker v. Nance Bros. (Tex. Civ. App.) 294 S. W. 290. The above authorities further hold that, unless appellant's request to the trial judge

to file findings of fact and conclusions of law is called to his attention, it is not error for him to fail to file same. The trial judge is not required to examine the papers filed to ascertain whether said request is made, but, under article 2208 of the Revised Statutes, it is incumbent upon the party desiring same to make a request and call the judge's attention to the fact that he has asked him to file findings of fact and conclusions of law.

[4] Appellant complains of the action of the trial court in overruling a special exception which it urged to appellee's petition. This assignment is overruled. There is nothing in the judgment of the trial court which shows or indicates that this or any other special exception was called to the attention of the trial court, or that same was acted on by the trial court. Appellant attempts by a bill of exception to show that the trial court overruled said special exception. The action of the trial court on special exceptions cannot be preserved by a bill of exception, but the court's action thereon, if assigned as error, must be shown affirmatively by the judgment of the court as rendered. Southern Casualty Co. v. Welch Motor Co. (Tex. Civ. App.) 291 S. W. 272, and authorities there cited.

The judgment of the trial court is affirmed.