## MURPHY et al. v. MOSELEY. (No. 10214.)

Court of Civil Appeals of Texas. Dallas. Nov. 3, 1928.

Rehearing Denied Dec. 8, 1928.

Clark & Clark, of Dallas, for plaintiffs in error.

K. R. Craig, of Dallas, for defendant in error.

VAUGHN, J. The appellee, Annette Moseley, a feme sole, on the 15th day of January, 1924, filed in the court below her action of trespass to try title against one Frank M. Shanklin and his wife, Carrie M. Shanklin, as defendants, for the title to and possession of a tract of land located in the city of Dallas, Dallas county, Tex., known as 2917 Bowser avenue, comprising two tracts of land, each of said two tracts being separately described by appropriate field notes; one being designated as lot 5 in block 637 and the other as a part of block 637 of the Murphy-Bolanz official map of the city of Dallas, Tex. On the same date appellee, in conjunction with and as a part of her petition, filed her affidavit and executed bond for the issuance of a writ of sequestration, sequestrating the above-described property. The writ of sequestration was duly issued under and in accordance with said affidavit and bond on the

15th day of January, 1924, the property in said writ to be sequestrated being described as the same was described in said petition. Said writ was duly executed on the date of issuance. Said property was thereafter duly replevied by said Frank M. Shanklin and Carrie M. Shanklin on the 7th day of February, 1924, under a replevy bond executed by them with one U. F. Short, and appellant Murphy, as sureties, payable to appellee in the sum of $14,000, conditioned as follows:

"That the defendants, Frank M. and Carrie M. Shanklin, will not injure said property and that they will pay the value of the rents of the same in case they shall be commanded to do so * * * and that they will have said property, with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or will pay the value thereof, and of the fruits, hire or revenue of the same, in case they shall be commanded to do so."

As to the pleadings filed by the defendants, Shanklin and wife, in the court below, it is only necessary to state that same included a plea of not guilty and a general denial. U. F. Short, one of the sureties on the replevy bond, died pending the suit, leaving a will in which his surviving wife, Emma C. Short, was made sole devisee and named as independent executrix. On February 24, 1927, appellant Murphy made known to the court that the said U. F. Short departed this life July 24, 1925, and that Emma C. Short, wife of said decedent, was the duly appointed, qualified, and acting independent executrix of the estate of said U. F. Short, deceased. Trial before a jury was concluded April 22, 1927, and resulted in a judgment being entered in appellee's favor on the verdict rendered for the title, restitution, and possession of the tract of land sued for by appellee, together with judgment against the principals and sureties on the replevy bond executed by defendants, Shanklin and wife, for the sum of $2,217.25, being the aggregate rental value of the property so replevied from the date of replevy up to the date of the trial, as found by the jury. There being no question raised as to the correctness of said verdict, no further reference will be made thereto. This appeal is prosecuted through writ of error by Mrs. Emma C. Short, independent executrix of the estate of U. F. Short, deceased, and M. Murphy.

■ Before proceeding further, we will dispose of appellee's motion to strike out the several papers filed herein by plaintiffs in error, styled: (a) Additional Argument and Authorities in Support of this Appeal, filed June 15, 1928; (b) Additional Argument and Authorities, filed July 20, 1928; and (c) Additional Authorities of Plaintiffs in Error, filed October 5, 1928—on the ground that said papers are in fact and effect amended briefs and not filed in compliance with rule 37 for

this court. When this cause was submitted, attorney for plaintiff in error applied for, and obtained, permission to include additional authorities in briefs theretofore filed, but did not apply for permission to file an amended or supplemental brief. Rule 37 for this court provides:

"The brief of either party may be amended by a citation of additional authorities if filed and notice be given to counsel for the opposite party one day before the case is called. No other amendment of the brief shall be allowed except by permission and under direction of the court."

The motion to strike said briefs is well taken, except in so far as additional authorities were cited in support of the propositions raised in plaintiffs in error's original brief. Said motion is therefore sustained, and said additional briefs will not be considered, but are here stricken from the record of this cause, as same were not filed by permission and under the direction of the court, the permission granted by the court only extending to the right to file additional authorities.

■ Plaintiffs in error complain of the action of the court in overruling motion to quash writ of sequestration issued in this cause. Following are the grounds presented by said motion, namely: (a) That the affidavit for the writ of sequestration did not state in what county the property to be sequestrated was situated; (b) that the affidavit for the writ did not describe the real property to be sequestrated; (c) that the writ of sequestration did not describe the real property as described in the affidavit for the writ of sequestration; (d) because the affidavit was duplicitous, in that the writ was asked for on two grounds, first, for fear of injury to the property, and, second, that the defendants would convert to their own use the fruits and revenue produced by said property. The affidavit for writ of sequestration was not complete within itself, that is, as an instrument separate from the petition filed in the suit, but was subjoined thereto immediately after the close of the prayer, and, from its language, the allegation of the petition dealing with the question of description and location must be construed as constituting a part of said affidavit. Richardson v. Cantrell (Tex. Civ. App.) 201 S. W. 702. Following was the affidavit attached to said petition:

"This day, before me, Clerk of the District Court of Dallas County, Texas, personally appeared Annette Moseley, a feme sole, plaintiff, who being by me duly sworn upon oath says, that she is the owner of the property described in the foregoing petition and for the recovery of which she has brought suit, and that she is entitled to the possession thereof; that the value of said property is $7,000.00, and that she fears that the defendants will make use of their possession of such property to injure same,

and will convert to their own use the fruits and revenue produced by same."

In the petition it is disclosed that the property sued for consists of two tracts separately described by appropriate field notes, but sued for as composing but one body or tract of land. In view of the importance of this matter, we feel called upon to set out the description of said property as contained in said petition in full, namely:

"First tract: Being and lying and situated in the City and County of Dallas, State of Texas, being a part of the John Grigsby League and Labor survey, and being a part of share No. 4 in the partition of an eight-acre tract, partitioned in the suit of F. B. Bryan v. Walter McConnell et al., as shown in the records in the District Clerk's office of Dallas County, Texas, in Book ——, pages 553 to 557, and being Lot No. 5 in Block No. 637, according to the Murphy & Bolanz official map of the City of Dallas, Texas, being the same property conveyed to T. W. Hendra by C. M. Howell and wife, Mattie J. Howell, as per deed dated September 17, 1901, and recorded in Vol. 279, page 85, Dallas County record of deeds; and the same property conveyed by Elizabeth Case to Henry Butcher by deed dated March 17, 1909, and now on record in Vol. 434, page 470.

"Second tract: Being a part of Block 537, Murphy & Bolanz official map of the City of Dallas, Texas, described by metes and bounds as follows:

."Beginning on the Southwest line of Bowser Avenue, at a point 198 feet Northwest from the intersection of Bowser Avenue with Oak Grove Avenue, and 38 feet Northwest of an alley; thence South 45°, West with said alley and parallel with Oak Grove Avenue, 225 feet to another alley; thence North 45°, West with said alley and parallel with Bowser Avenue, 52 feet; thence North 45° East 225 feet to Bowser Avenue; thence South 45° East with the Southwest line of Bowser Avenue 52 feet to the place of beginning, being the same property conveyed by Dan K. Jones by Henry Butcher by deed of date December 31, 1908, and recorded in Book 443, page 256, deed records of Dallas County, Texas, less a tract 38 feet by 225 feet conveyed by Mrs. Carrie Butcher to Michael Conely, both of said tracts having a frontage on Bowser Avenue of 100 feet, and known as No. 2917 Bowser Avenue."

Immediately following the above description is the following language:

"That the above described property consists of a one-story house, fences, shrubbery, outhouses, etc., situated upon said lot as above described,"

and in the prayer for writ of sequestration, said property is referred to as follows:

" * * * For a writ of sequestration commanding the sheriff of said county to take into his possession the above described tract of land and the improvements thereon and keep the same subject to the further order of this court. * * *"

The reference contained in the affidavit to said petition was sufficient, in our opinion, to make the portions of the petition so referred to a part of said affidavit as much so as if incorporated therein. Richardson v. Cantrell, supra.

Considered in the light of all the descriptive language used, the affidavit for the writ of sequestration describes but one tract of land, comprising, it is true, two tracts of land separately and specifically described as the integral parts thereof, so as to make more. definite the fact that the tract of land sued for was the tract with a frontage on Bowser avenue of 100 feet, and known as 2917 Bowser avenue, and, further, that said property so sued for and sought to be sequestrated was located in the city of Dallas, Dallas county, Tex.; that the value of said property known as 2917 Bowser avenue was $7,000.

As to the remaining objection to the affidavit, namely, that it was duplicitous, it is sufficient to say that the two grounds alleged for the writ were specific and independent, and not in the alternative, but two consistent grounds; namely: (a) That she fears that the defendants will make use of their possession of such property to injure same, and (b) will convert to their own use the fruits and revenue produced by same. Said grounds are not inconsistent, therefore were properly joined conjunctively in the application for the writ. Duncan v. Jouett (Tex. Civ. App.) 111 S. W. 981. On the whole, it is our conclusion that the court did not err in overruling the motion to quash the writ of sequestration, as there was a sufficient compliance with the requirements of the law.

Plaintiffs contend that the judgment against Mrs. Emma C. Short, as the independent executrix of the estate of U. F. Short, deceased, one of the sureties on defendants' replevy bond, was erroneous, because said executrix was not before the court by voluntary appearance, or through the service of such process as was necessary to give the court jurisdiction to act, said appellant Mrs. Emma C. Short being, before the institution of the suit, and from that date to the rendition of the judgment, a nonresident of this state, residing in the state of Missouri. The following recital in the judgment is a complete answer to this contention:

"The sureties on the replevy bond, Mrs. Emma C. Short, independent executrix of the will of U. F. Short, deceased, who was one of the sureties on the replevy bond, appeared by her attorney and announced ready for trial."

The sixth ground of plaintiffs' motion for a new trial brought into question the correctness, in fact the verity, of the above recital; said ground being as follows:

"The court erred in rendering a judgment to the effect that Mrs. Emma C. Short, independent executrix of the estate of U. F. Short, deceased, appeared and announced ready for trial, when this cause was called for trial, because no such appearance was made, and to the contrary;

it was stated to the court that she had been served only with a non-resident notice of the pendency of this suit, and had filed no answer in the case, and would not file any answer therein, and thereby subject herself to a personal judgment in the case."

From the state of the record before us, there being no statement of facts showing what were the facts, if any, established by the introduction of evidence on the hearing of appellant's motion for a new trial, said ground presenting an issue of fact necessary to be determined by the trial court in passing upon said motion, we are to assume that, if any evidence was introduced in support of said motion, the judgment of the court overruling and refusing a new trial was authorized by the facts established on such hearing. This cause is before us on writ of error, and only such grounds for reversal may be considered that are apparent of record, and not grounds that rest in the establishment of facts not manifest from the record of the proceedings had. The right secured to appellants to introduce evidence in support of their motion for a new trial, of course, was available to them; its exercise being a matter resting within their discretion. The mere presence of the sixth ground in the motion for a new trial was not within itself evidence of the matters therein stated, any more so than statements contained in any other pleading filed in a cause would be evidence in favor of the party filing such plea.

No reversible error being disclosed by the record of the proceedings had in the court below, its judgment is in all things affirmed.

Affirmed.