## ENGLISH et al. v. SOUTHWEST BROAD-CASTING CO., Inc., et al.

### No. 8066.

Court of Civil Appeals of Texas. Austin.

Jan. 30, 1935.

Fellbaum & Fellbaum, of San Antonio, for appellants.

Polk Shelton and Brooks & Yarbrough, all of Austin, for appellees.

McCLENDON, Chief Justice.

This case arose out of the following facts shown by the pleadings:

April 14, 1932, appellee Edwards purchased from appellant Mrs. English 10,000 shares of stock in the K. U. T. Broadcasting Company for $12,000, $5,000 cash, and the remaining $7,000 evidenced by a negotiable promissory note, payable in installments of $150 per month for twelve months, beginning June 15, 1932, and $250 per month thereafter. Edwards executed to Mrs. English a chattel mortgage upon the stock to secure the note, which authorized foreclosure at public or private sale with notice. Under a collateral agreement, Mrs. English stipulated that the purchase of the stock was made upon the basis of the corporation being free of indebtedness, and it was agreed that the indebtedness did not exceed $500, and that Edwards should hold out $500 until appellants furnished receipts covering same; and, further, that if Edwards or his assigns should be required to pay any of such indebtedness, then he should have the right to credit the amount thereof upon the note. Edwards later assigned the stock to the appellee Southwest Broadcasting Company.

Edwards and the Southwest Broadcasting Company brought this suit against Mrs. English (joining her husband therein), alleging a fraudulent misrepresentation on the part of appellants to the effect that there was a valid federal broadcasting license in existence owned by the K. U. T. Company, which constituted a material inducement in the transaction; that such representation was false, as the license had already expired, had not been renewed, had been applied for by a third

party, and that it cost appellees the sum of $1,600 to acquire such license. In addition to certain payments made on the note, it was also alleged that the amount of indebtedness of the corporation was $250.20 in excess of the $500, all of which appellees had been compelled to pay. Judgment was sought for the damages resulting from the fraud and the amount of the indebtedness, and appellees prayed to have these amounts and the alleged payments credited upon the note. An injunction preventing sale of the mortgaged stock at private sale was also sought.'

In a trial to the court without a jury, judgment was rendered for plaintiff (1) permanently enjoining defendants from selling the mortgaged stock "at any character of private sale"; (2) in favor of plaintiffs for $1,600 on the fraud plea, which was decreed to be credited upon the note; (3) decreeing that all amounts due upon the note up to January 15, 1933, plus an additional sum of $127.87, had been paid, and that appellees had discharged obligations against the K. U. T. Company, amounting to $250.20 in excess of the $500 referred to above; and (4) ordering the note produced and the above amounts entered as credits thereon.

The appeal is by Mrs. English (joined by her husband), and is predicated upon fifteen assignments of error. Of these, five (Nos. 1, 3, 4, 5, and 6) complain of the action of the court in granting, modifying, and refusing to dissolve a temporary injunction. These become wholly immaterial, since the final judgment terminated the temporary injunction.

▇ Assignments 11 and 12 question the sufficiency of the evidence to support the judgment. Since the statement of facts has been stricken out, these assignments cannot be considered.

▇ The second assignment complains of overruling a general demurrer and three special exceptions. Aside from the fact that this assignment is multifarious, the record does not show that there was any ruling by the trial court in this regard.

▇ Complaint is made of an order extending the term of court. As we gather from the brief, the ground of the complaint is that the order was not signed by the trial judge. The record does not show any irregularity in this regard, and the appearance of the order in the record as a part of the minutes carries with it a presumption of regularity. In addition, the judgment which bears the trial judge's signature recites that the case was in progress of trial on the last day of the term, and that an order extending the term for the purpose of disposing of the case was entered.

▇ Complaint is also made of the order adjourning the term of court, which was signed by Judge Dodson. The record does not affirmatively show the circumstances under which Judge Dodson was sitting in the place of the regular judge. However, there is no affirmative showing of any irregularity in this regard, and therefore his proper authority to enter the order is presumed. Shultz v. Lempert, 55 Tex. 273. Aside from this, however, it seems to us immaterial who entered the order of adjournment. The regular judge extended the term for the sole purpose (so far as the record shows) of completing the trial of the case then in progress, and he in person entered the judgment therein.

▇ The tenth assignment urges the failure of the trial court to file conclusions of fact and law. The record does not show any request therefor. Consequently, there is no merit in this assignment. R. S. art. 2208; arts. 2247 and 2247a, as amended by chapter 76, p. 118, 42d Leg., 1931 (Vernon's Ann. Civ. St. arts. 2247, 2247a).

▇ We sustain the thirteenth and fourteenth assignments, which complain of the perpetual injunction restraining the sale of the mortgaged stock in any character of private sale. There is no basis for this part of the judgment in the pleadings, since the mortgage on its face gives the right to sell at private sale; a perfectly valid provision. See 9 Tex. Jur., p. 189, § 85, and supporting authorities.

▇ The fifteenth assignment complains of the judgment in that it was entered in the absence of counsel. There is no showing in the record supporting this assignment. On the contrary, the judgment recites the appearance of all parties, both plaintiff and defendant, their announcement of ready, etc.

▇ The pleadings show that the note in question was a negotiable instrument, and that it had not matured. It was therefore subject to be transferred to an innocent holder for value, and we have no doubt of the power of the court in the exercise of its equity jurisdiction to require the entry of the credits. See American Soda Fountain Co. v. Drug Co. (Tex. Civ. App.) 52 S.W.(2d) 764.

That portion of the trial court's judgment enjoining the sale of the mortgaged stock is reversed, and judgment is here rendered in

that regard in favor of appellants. In all other respects, the trial court's judgment is affirmed.

Reversed and rendered in part, and in part affirmed.