**ROSS v. ODOM.**

No. 8166.

Court of Civil Appeals of Texas. Austin.

Dec. 18, 1935.

Robert G. Reeves, of Houston, for appellant.

McCLENDON, Chief Justice.

Mrs. Ross sued Mrs. Odom (operator of a beauty parlor) for damages resulting from burns inflicted upon Mrs. Ross and alleged to have been caused by the negligence of Mrs. Odom and her employees while Mrs. Ross was obtaining a permanent wave in Mrs. Odom's establishment. The trial was to the court, without a jury, and the judgment was in favor of Mrs. Odom. Mrs. Ross has appealed.

The controlling question in the case is whether appellant is entitled to a reversal on the ground that the trial judge failed or refused to file conclusions of fact and law within the statutory period. R.C.S. art. 2247, as amended by Acts 1931, 42d Leg., p. 118, c. 76, § 1 (Vernon's Ann.Civ. St. art. 2247).

The judgment was rendered March 30, 1934. Written request and supplemental request for the conclusions were filed by appellant April 5 and May 3, 1934, respectively. Conclusions were filed by the trial judge May 28, 1934.

There is nothing in the record to indicate that either of these requests for conclusions was ever called to the attention of the trial judge. The mere filing of a request with the clerk does not satisfy the statute. To be effective, the request must be called to the attention of the judge. Housewright v. Housewright (Tex.Civ.App.) 41 S.W.(2d) 1071; Pizzitola v. Jeffords (Tex.Civ.App.) 294 S.W. 284; 3 Tex.Jur. p. 5083, § 356. The judge is presumed to have performed

his official duty. When his nonaction in such performance is complained of on the ground of neglect or refusal, there must be an affirmative showing of such neglect or refusal. See English v. Southwest Broadcasting Co. (Tex.Civ.App.) 81 S.W. (2d) 296;. 3 Tex.Jur. p. 1036, § 734 et seq. The record is entirely silent on this point.

■ The pertinent conclusions of fact are to this effect: (3) Mrs. Ross was advised by Mrs. Odom "that should the machine that was being used for the permanent wave become too warm, to notify her, Mrs. Odom, or the attendant waiting upon her." "There was an attendant that continuously waited upon Mrs. Ross." (4) "At no time did Mrs. Ross notify Mrs. Odom or the attendant that her scalp was being burned or blistered in the process of the heat operation giving a permanent wave." Mrs. Odom "and the attendants in her employ were qualified, skilled and were experts in the giving of permanent waves."

While the evidence upon these findings was conflicting, it was sufficient to support them. They negative liability and support the judgment.

The trial court's judgment is affirmed.

Affirmed.