### THEUT v. BURNELL.
### No. 3191.

Court of Civil Appeals of Texas. Beaumont.
Oct. 26, 1937.

Rehearing Denied. Nov. 3, 1937.

Brown & Criss, of Harlingen, for plaintiff in error.

West & Hightower, of Brownsville, for defendant in error.

WALKER, Chief Justice.

The appeal in this case was perfected to the San Antonio Court of Civil Appeals on writ of error, and transferred to this court by order of the Supreme Court; the parties will be referred to as appellant and appellee.

By his first amended original petition appellee prayed for judgment against appellant for the sum of $718.48, the balance due on an open account, and for foreclosure of a chattel mortgage lien on certain personal property described in his petition, including the boat Liberty. The property was seized under writ of sequestration sued out by appellee. In the affidavit for the writ, appellee valued the property at the sum of $513.50, and for grounds for his writ alleged in his affidavit that: "He, plaintiff, fears that defendant Herbert Theut will injure, ill-treat, waste and destroy said property during the pendency of the suit." As the basis of his chattel mortgage, appellee plead the following written contract between him and appellant:

"State of Texas, County of Cameron.

"To Whom It May Concern:

"The following agreement entered into between H. Theut and Burnell Fish Company.

"For and in consideration of equipment and sundry articles that has been furnished me and that may be furnished from time to time, I, H. Theut, do hereby agree to deliver to the Burnell Fish Company all fish caught by the equipment furnished, one third of all fish delivered is to apply on any indebtedness owing the Burnell Fish Company by myself.

"It is further agreed that the title of all equipment and articles shall remain in the Burnell Fish Co.'s name until the entire indebtedness owing the Burnell Fish Co. is paid in full.

"(Signed) H. Theut

"Signed this 8th day of January 1935."

In the alternative, appellee plead "an equitable lien" against the property. Ap-

pellant answered by general and special demurrers, general denial, pleas of payment, etc., and by motion to quash the writ of sequestration.

Appellant's exceptions and motion to quash were overruled and, on trial to the court without a jury, judgment was rendered in appellee's favor against appellant for the amount sued for, foreclosing the chattel mortgage lien on all the property described in the petition and in the affidavit for sequestration.

### Opinion.

Appellant has no assignment challenging the sufficiency of the evidence to support the judgment in appellee's favor for the full amount sued for.

The affidavit for sequestration was not duplicitous. Duncan v. Jouett (Tex.Civ.App.) 111 S.W. 981, 982; Murphy v. Moseley (Tex.Civ.App.) 11 S.W.(2d) 234. These authorities affirmatively support the court's ruling. If it be conceded that the affidavit alleged distinct grounds for the writ, they are not inconsistent. In the Duncan Case, it was said: "Where the grounds alleged are not inconsistent, if two or more grounds exist, they may be joined conjunctively in the application for the writ. They may not, however, be stated in the alternative."

The clear intent of the parties in the execution of the written instrument as shown by the parol evidence, which in no way varied its terms, was that appellee was to have a chattel mortgage lien on all equipment sold by him to appellant to secure its payment. The evidence was sufficient to support a finding that all the property seized under the writ of sequestration was covered by appellee's written mortgage, except the boat Liberty.

As to the boat, appellee alleged that he furnished material for its repair, and that he was to have a lien against it to secure him in these advances and for all other advances. These allegations and proof supported the court's judgment foreclosing an equitable lien in appellee's favor against the boat, not only for the material furnished for the repairs, but also as security for the balance due appellant on his account. Richardson v. Washington, 88 Tex. 339, 31 S.W. 614.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.