O. A. ROBERTS et al., Appellants,

v.

A. T. ROBERTS et al., Appellees.

No. 4486.

Court of Civil Appeals of Texas.

Waco.

June 23, 1966.

Rehearing Denied July 14, 1966.

Enoch G. Fletcher, Grand Saline, for appellants.

Gordon R. Wynne, Wills Point, for appellees.

## OPINION

WILSON, Justice.

Four of testator's children who would have taken under a will which was denied probate by the district court judgment appeal from that court's order which admitted to probate an alleged lost will under which they would take less.

Appellants complain initially of the manner in which the cause reached the district court from the probate court. On application of one of the children, Estelle Miller, a holographic will dated July, 1962 was admitted to probate by the county court, and she was appointed administratrix. Appellants thereafter filed in the probate court a petition to set aside the order probating the July will, alleging it was revoked by another holographic instrument dated November, 1962, under the provisions of which all testator's six children would share equally the entire estate. It was alleged the latter will could not be produced, and was last seen in the possession of one of testator's sons, A. T. Roberts. Estelle Miller and A T. Roberts were joined as defendants, and filed answers. The probate court vacated the previous order probating the July will, and ordered the November will, which could not be produced, admitted to probate.

Estelle Miller in her capacity as administratrix gave notice of appeal from the latter order, but filed no appeal bond. By order complying with Rule 336, Texas Rules of Civil Procedure the original papers were filed in the district court. Appellants thereupon filed a motion to dismiss the appeal of Estelle Miller as administratrix on the ground that under Sec. 27, Texas Probate Code, V.A.T.S., the appeal personally concerned Estelle Miller and she was not authorized to appeal as administratrix under that section without filing a bond. While this motion was pending, A. T. Roberts filed in the district court an application and bond for a writ of certiorari under Rules 344–350, Texas Rules of Civil Procedure, as provided by Sec. 30 of the Probate Code. Appellants herein were named as adverse parties. Estelle Miller was not joined individually or as administratrix. Upon issuance of the writ the district court ordered the certiorari proceedings consolidated with the appeal by Estelle Miller as administratrix.

Appellants herein then filed another motion in the district court to dismiss the consolidated proceedings on the ground now presented, that since the appeal of the administratrix should have been dismissed, the writ of certiorari was improperly granted. The district court then overruled the motion to dismiss. After a non-jury trial judgment was rendered vacating the probate court order (which had probated the lost November instrument) and admitting to probate the July will.

The attempted appeal by Estelle Miller as administratrix was ineffective. She was a beneficiary under both the July and the alleged November wills. Her appointment as administratrix has never been questioned or attacked. Even if it could be said that the administratrix was a person "aggrieved" under Sec. 28, Probate Code, an appeal without bond was not authorized because Sec. 29 of that Code qualifies the exemption of personal representatives from the requirement of an

appeal bond by the words: "unless such appeal personally concerns" the representative, as this attempted appeal clearly did. Since the attempted appeal was abortive, the district court thereby obtained no jurisdiction of the probate proceedings; and likewise acquired no jurisdiction over Estelle Miller, as administratrix or individually. Callahan v. Stover, Tex.Civ.App., 263 S.W.2d 630, writ ref. It had no power, consequently, to consolidate an action over which it had no jurisdiction with another. This narrows the question to whether the case properly reached the district court by certiorari without all parties at interest having been named in the petition for the writ.

■ Estelle Miller was not joined as a party in the certiorari proceedings. Rule 344 requires that the application name "each party *adversely* interested." It does not require the naming of parties whose interests are aligned with or identical to those of applicant. A party "adversely interested" is "one who has an interest in opposing the object sought to be accomplished". Highsmith v. Tyler State Bank & Trust Co., Tex.Civ.App., 194 S.W.2d 142, 145, writ refused; Ponca Wholesale Mercantile Company v. Alley, Tex.Civ.App., 378 S.W.2d 129, 131, writ ref. n. r. e. This question was not before the Court, and was therefore not passed on in McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567, 570.

■ The district court judgment in this case recites, however, that Estelle Miller "and all other parties interested in the estate of A. M. Roberts, deceased" appeared in person and by counsel at the trial. This recital is presumed to be true. Yturri v. McLeod, 26 Tex. 84; Houston v. Dunn, 13 Tex. 476; Southwest Nat. Bank of Dallas v. Cates, Tex.Civ.App., 262 S.W. 569;

English v. Southwest Broadcasting Co., Tex.Civ.App., 81 S.W.2d 296; King v. Howell, Tex.Civ.App., 120 S.W.2d 298; Murphy v. Moseley, Tex.Civ.App., 11 S.W. 2d 234, 236. Since the record thus shows that all interested parties appeared, appellants' complaints as to the method of removal to the district court are overruled.[1]

■ Exclusion of evidence on which the disposition of the case turned, however, in our opinion requires reversal. The testimony of three of testator's children was excluded on appellees' objection that it contravened Art. 3716, Vernon's Ann.Tex.Civ. St., which prohibits testimony by heirs or legal representatives of the testator as to any statement by or transaction with him. The testimony excluded was to the effect that they saw the alleged lost November will, that it was wholly in testator's handwriting, and that his estate was devised thereby to his six children.

In Martin v. McAdams, 87 Tex. 225, 27 S.W. 255, (1894) Justice Gaines wrote for the Supreme Court that testimony of testator's child that a holographic will offered for probate was wholly in testator's handwriting was admissible, and the witness was not incompetent under the statute because the testimony was "not as to any statement by him, nor do we think that it is testimony as to any transaction with him. The making of a will is a transaction, but it is not a transaction of the testator with the devisees or legatees." See Harper v. Johnson, 162 Tex. 117, 122, 345 S.W.2d 277, 280. Cf. Ruel C. Walker, The Dead Man's Statute, 27 Tex.Bar.Journal, (1964) 315, 372, and cases cited n. 51, 52. To apply the rule to wills produced in court, but to deny its application to those which cannot be so produced is, in our opinion, to ignore the reason

---

1. Rule 360, Texas Rules of Civil Procedure requires a petition for writ of error, also, to name the "parties adversely interested". It is held that the voluntary appearance of parties omitted cures the omission. Ellerd v. Burkhalter, Tex.Civ. App., 266 S.W. 582; Ferguson v. Beau-

mont Land & Bldg. Co., Tex.Civ.App., 154 S.W. 303; Dunnagan v. East Texas Colonization & Development Co., Tex. Civ.App., 198 S.W. 357; Cox v. Rio Grande Valley Telephone Co., Tex.Civ. App., 13 S.W.2d 918, writ dism.

for the holding.[2]  The testimony as to the handwriting, in our opinion, should have been admitted.

 The question of whether The Dead Man's Statute is applicable to testimony as to the contents of a lost will which the witness observed after testator's death has not been decided in Texas.  The rule appears to be that evidence as to the contents of lost instruments executed by deceased is admissible under the statute if the testimony as to the contents is not based on a transaction with deceased.  Howard v. Galbraith, Tex.Civ.App., 30 S.W. 689, 690; 97 C.J.S. Witnesses, § 227(6) g., p. 706; id., § 227(5), p. 699; 58 Am.Jur., Witnesses, Sec. 258, p. 167.  The proffered testimony as to the contents of the alleged lost will was not based on such a transaction, and in our opinion was admissible under Art. 3716.  The judgment is reversed and the cause remanded.

---

2. In Re Struther's Estate, Tex.Civ.App., 103 S.W.2d 798, no rehearing, no writ, is grounded on the holding that the witness gained knowledge from a definite transaction with testator.  The suggestion as to wills not produced in court, preceded by "It occurs to us," appears not to have been intended as a holding, and has never been followed.  Stewart v. Long, Tex. Civ.App., 394 S.W.2d 25 relied on by appellees, clearly involved a transaction with testator: a will placed by her on the bed "to show me what was going on."