**In re William R. SHORE, Jr.**

**No. 06–03–00037–CV.**

Court of Appeals of Texas, Texarkana.

Submitted May 13, 2003.

Decided May 14, 2003.

J. Randal Bays, Conroe, for relator.

J.R. Phenix, Phenix and Phenix, PC, Henderson, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

This is a mandamus proceeding in which William R. Shore, Jr., independent executor of the estate of Mary Ann Bean, deceased, asks us to direct the Honorable Darrell Hyatt, judge of the County Court at Law of Rusk County, to stop his efforts to finalize the probate proceedings concerning Bean's estate. Specifically, Shore asks this Court to prevent the judge from ordering the independent administration of the estate closed, enforcing his order to partition real property of the estate, and directing payments to be made of oil and gas revenues to various devisees under Bean's will.

Shore is also a devisee under the will. The will was admitted to probate June 21, 2000. Over a year later, on September 27, 2001, the other three devisees, the real parties in interest, filed a petition seeking a declaratory judgment and order for partition and distribution of the estate. That petition was granted February 20, 2002, and Shore was given thirty days to comply. In that declaratory judgment, among other things, the judge found that a portion of the will and its codicils transferring real property to Shore failed for lack of specificity. Shore appealed from that judgment, but did not file a supersedeas bond. That appeal is now pending in this Court, in cause number 06–02–00071–CV.

On April 12, 2002, the other three devisees filed a motion to enforce the judgment. Shortly thereafter, they filed a motion for rehearing on the motion to enforce. A hearing on the motion was conducted six months later, on January 16, 2003. The judge scheduled a hearing for March 12, 2003, to enter an order from that hearing. Shore then filed this mandamus proceeding asking this Court to stop the judge from proceeding further on the case, contending the case has been frozen in place by his pending appeal, and to prevent the judge from proceeding further with an order that would have the effect of removing the property from the estate. Pursuant to Shore's request, we temporarily halted all proceedings in the trial court concerning this estate, pending disposition of this mandamus proceeding.

The parties agree that the controlling statute in this case is TEX. PROB.CODE ANN. § 29 (Vernon 2003). That statute reads as follows: "When an appeal is taken by an executor ... no bond shall be required, unless such appeal personally concerns him, in which case he must give the bond."

Although both parties agree that the effect of the lack of a supersedeas bond on the appeal in this context is controlled by the statute, they disagree about which part of the statute controls. Shore argues the first phrase of the statute controls and, therefore, he, as executor, did not need to file a bond to suspend the order during his appeal. The other three devisees argue that the second phrase controls, because although the appeal was clearly taken by an executor, this executor does have a personal and monetary interest in the outcome of the appeal. They argue that, because this appeal involves the amount of money Shore will personally obtain as a result of the final distribution of the estate, it therefore "personally concerns him."

We will issue a mandamus only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132

(Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985).

The question presented by this mandamus is whether we should direct the trial court to treat this aspect of the proceeding as halted in the same manner as it would be had a supersedeas bond been filed, and to refrain from continuing with the underlying probate proceedings, pending the outcome of the appeal.

Caselaw on this topic is sparse. Shore relies on a series of cases beginning with *Cocke v. Naumann*, 188 S.W.2d 781, 783 (Tex.Civ.App.-Dallas 1945, writ ref'd w.o.m.), holding that an independent executor has the right to appeal without bond even in cases where the litigation affects him personally. *Cocke* itself is unpersuasive. There, the court explicitly stated it was permitting Cocke to appeal without bond—although the litigation obviously affected him personally and no trust or fiduciary duties were involved—because of the earlier mandamus ruling of the Texas Supreme Court in *Cocke v. Smith*, 142 Tex. 396, 179 S.W.2d 954 (1944). In *Smith*, the court acknowledged the two then-controlling statutes: one providing that a named executor who was acting in that fiduciary capacity in an appeal was not required to give an appeal bond; the other requiring that, when an appeal is taken by an executor, no bond was required unless the appeal personally concerned him.

At the time of these cases, two statutes existed. The statute referring to fiduciary responsibilities no longer exists. However, the "personally concerns" language was imported into the current Section 29.

The statute as it exists under the present Probate Code does not categorically state that an appeal taken by an executor in the exercise of his or her duties as executor, but also taken from an order that affects the amount he or she would receive under the will (as this one does), may be appealed without the necessity of posting a supersedeas bond. As a result, the caselaw application of both the current statute and its predecessors has not always been clear.

In *Powell's Estate v. Mackey*, 219 S.W.2d 156 (Tex.Civ.App.-Fort Worth 1949, writ ref'd), the court held that an order removing an administrator personally concerned him and dismissed the appeal because no appeal bond was filed.

In *Luce v. Luce*, 559 S.W.2d 369 (Tex. Civ.App.-Austin 1977, no writ), the Austin court looked at the then newly-enacted probate code, and read into Section 29 the language from the prior statute that was omitted in the new code, to support its conclusion that a cost bond is required unless an appeal is taken by the executor in his or her fiduciary capacity. The court then held that, because the appellant was appealing from an order personal to her—removal as administrator—she was required to file a cost bond.

The Fort Worth court has held that, just because an administrator is also a devisee under the will, it does not necessarily mean an appeal by such administrator personally concerns him or her. In *Latham v. Allison*, 560 S.W.2d 481 (Tex.Civ.App.-Fort Worth 1977, writ ref'd n.r.e.), an administrator appealed in his representative capacity on behalf of an estate in an attempt to establish the estate's claims to certain property. In concluding this administrator was not "personally concerned," the court distinguished *Roberts v.*

*Roberts,* 405 S.W.2d 211 (Tex.Civ.App.-Waco), *writ ref'd n.r.e.,* 407 S.W.2d 772 (Tex.1966).

In *Roberts,* the administrator of her mother's estate was also a devisee under a July 1962 will. After her appointment, the probate court ordered that a November 1962 will (which could not be produced) be admitted to probate. Under the November will, the administrator was still a devisee, but would receive a lesser share. She appealed, and the Waco court ruled that the attempted appeal to determine which will would control personally concerned her and required her to file an appeal bond in order to perfect an appeal.

The Fort Worth court reasoned that in *Roberts* the administrator had a personal interest in having a particular will admitted to probate, since she would receive a larger share of her mother's estate under the earlier will. But, in *Latham,* the administrator was acting within the scope of his responsibilities in an attempt to establish the estate's claims to certain property. To the Fort Worth court, the fact that the administrator was also one of the devisees did not mean the appeal "personally concerns him" within the meaning of Section 29.

It is apparent in *Latham,* however, that an increase in the estate's property would necessarily affect the amount the administrator as a devisee would take through probate. To this extent, the administrator in that case was "personally concerned" in the same way as the administrator in *Roberts.* Likewise, the administrator in *Roberts* had a duty, in that fiduciary capacity, to pursue the appeal regardless of whether it personally affected her, in the same way the administrator in *Latham* had that same duty. In both cases, however, a successful appeal would result in an increase in the proportionate share of the estate each respective administrator would

personally recover. In our view, that situation made each of them "personally concerned" within the meaning of Section 29.

Shore relies on *Vineyard v. Irvin,* 855 S.W.2d 208 (Tex.App.-Corpus Christi 1993, orig. proceeding), as support for his position that, although he is a devisee under the will, as well as the executor, he was not required to file a bond to supersede the judgment. In that case, coexecutors sought mandamus relief. The trial court had refused to permit them to file a supersedeas bond. The appellate court found this to be error, but then went on to review the relators' additional argument that they were not required to file a supersedeas bond at all. The court concluded, pursuant to Section 29 of the Probate Code that, where the executors were attempting to appeal from an order that estate property be sold to satisfy a judgment, they were not required to file a supersedeas bond. The opinion does not indicate, however, whether the executors were also devisees under the will.

■ In the instant case, Shore is not attempting to establish the estate's claim to property or to prevent the sale of estate property. He is appealing a ruling concerning the disposition of the estate's property among all the devisees under the will. As such, it is clear that, if he is successful in that appeal, it will result in an increase in his proportionate share of the estate.

The activities taken so far in the instant case revolve around a judgment declaring that certain property does not pass under specific provisions of the will and codicils, but instead passes under a residuary clause. That judgment is contrary to the executor's position that the property should pass under the provisions of the will and codicils, not under the residuary clause. If the executor were not a devisee under the will, there is no doubt that,

under the authorities cited above, this would not be considered a matter that "personally concerns" him. However, a determination of the appeal in his favor will clearly increase the proportionate amount he will receive under the will.

These facts make this case analogous to *Roberts*. Just as the administrator in *Roberts* had a personal interest in having a particular will admitted to probate, so does Shore have a personal interest in what will/codicils provisions apply. We therefore conclude that the language of Section 29 does not excuse Shore from the necessity of filing a supersedeas bond to prevent execution of the underlying judgment.

We deny the petition for writ of mandamus and set aside our order dated March 12, 2003, staying all proceedings in the underlying case.