COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BRUCE WHEATLEY IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF JUDITH WHEATLEY, | § § § | No. 08-18-00106-CV |
| APPELLANT/CROSS-APPELLEE, | § | Appeal from the |
| V. | § | Probate Court No. 1 |
| DALE FARLEY IN HIS CAPACITY AS DEPENDENT ADMINISTRATOR OF THE ESTATE OF JUDITH T. WHEATLEY, | § § § | of El Paso County, Texas (TC# 2014CPR01539) |
| APPELLEE/CROSS-APPELLANT. | § § | |

## OPINION ON MOTION

Appellant/Cross-Appellee, Bruce Wheatley, in his capacity as Executor of the Estate of

Judith T. Wheatley (Wheatley), filed a motion requesting that the Court order Appellee/Cross-

Appellant, Dale Farley, in his capacity as Dependent Administrator of the Estate of Travis B.

Kirchner (Farley) to post a supersedeas bond in an amount to be set by this Court. Wheatley is

effectively challenging the Probate Court's order that Farley is exempt from posting a supersedeas

bond because he is the court-appointed dependent administrator of the Kirchner Estate. *See*

TEX.R.APP.P. 24.4. Although we requested a response, Farley has not filed one.

Following a jury trial, the Probate Court granted judgment in favor of both parties and each

of them has appealed. Pertinent to resolution of Wheatley's motion, the judgment awarded the

sum of $500,000 for the reasonable value of work performed by Judith Wheatley for Travis Kirchner. Wheatley contends that Farley is required to post a supersedeas bond in order to suspend the judgment pending appeal. He also takes issue with our interpretation of Section 351.002 of the Estates Code in an unrelated case and the Probate Court's application of that statute here.[1]

Rule 24.1 of the Texas Rules of Appellate Procedure addresses the methods for superseding a judgment, including the filing of a supersedeas bond. TEX.R.APP.P. 24.1(a). In civil cases, the filing of a notice of appeal does not suspend enforcement of the judgment, and enforcement of the judgment may proceed unless: (1) the judgment is superseded in accordance with Rule 24.1; or (2) the appellant is entitled to supersede the judgment without security by filing a notice of appeal. TEX.R.APP.P. 25.1(h).

Section 351.002 provides that an *appeal bond* is not required if an appeal is taken by an executor or administrator, unless the appeal personally concerns the executor or administrator. TEX.ESTATES CODE ANN. § 351.002(a), (b). Wheatley argues that an "appeal bond" is not the same as a "supersedeas bond," and therefore, Section 351.002 does not operate to excuse Farley from the requirement that he post a supersedeas bond to suspend the judgment pending appeal. We agree with Wheatley that an appeal bond and a supersedeas bond are two different types of bonds and they serve different functions. Nevertheless, as seen in the Supreme Court's decision in *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 480-82 (Tex. 1964), the exemption of executors and administrators from the requirement that they give security for costs on appeal is significant in determining whether they are required to post a supersedeas bond.

---

[1] In an order denying a Rule 24.4 motion, we ruled that two co-executors were not required to post a supersedeas bond to supersede the judgment because the appeal did not personally concern them. *See In the Matter of the Estate of Richard C. Poe, Deceased*, No. 08-18-00015-CV. The order did not cite to *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex. 1964) nor did it fully explain the basis for our reliance on Section 351.002. Contrary to the Probate Court's interpretation of our order, we did not state that an appeal bond and a supersedeas bond are the same thing. This opinion is intended to clarify the application of Section 351.002 to appeals taken by executors and administrators.

In *Ammex Warehouse*, the Supreme Court held that the State had a right to suspend judgment without filing a bond upon perfecting its appeal by giving proper notice of appeal. *Ammex Warehouse*, 381 S.W.2d at 480-81. In reaching this conclusion, the Supreme Court focused on former TEX.REV.CIV.STAT.ANN. art. 2276 which provided that:

> Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.
> Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity.

Since Article 2276 generally exempted the State from the requirement to give bond on any appeal, the Supreme Court reasoned that the State is not required to file a supersedeas bond to suspend judgment on appeal. *Ammex Warehouse*, 381 S.W.2d at 481. In 1985, the Legislature repealed Article 2276. *See* Acts 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 TEX.GEN.LAWS 3242, 3322. The specific provision at issue in the *Ammex Warehouse* case is now codified in Section 6.001 of the Civil Practice and Remedies Code.[2] In *Richards v. Mena*, 820 S.W.2d 371 (Tex. 1991), the Texas Supreme Court adhered to *Ammex Warehouse*, and citing Section 6.001, held that the filing of notice of appeal by the State suspended the judgment.

The Thirteenth Court of Appeals applied the *Ammex Warehouse* reasoning to former Section 29 of the Probate Code[3] and held that co-executors of an estate were not required to post a supersedeas bond in order to suspend the judgment pending appeal. *Vineyard v. Irvin*, 855 S.W.2d 208, 212 (Tex.App.—Corpus Christi-Edinburg 1993, orig. proceeding). Similar to former

---

[2] *See* Acts 1985, 69th Leg., R.S., ch. 959, § 1, 1985 TEX.GEN.LAWS 3242, 3244-45 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 6.001).

[3] *See* Acts 1955, 54th Leg., ch. 55, amended by Acts 1993, 73rd Leg., ch. 957, § 15, 1993 TEX.GEN.LAWS 4081, 4163. Former Section 29 is now codified at TEX.ESTATES CODE ANN. §§ 351.002 and 1152.002.

Article 2276, the version of Section 29 at issue in *Vineyard* provided that "[w]hen an appeal is taken by an executor, administrator, or guardian, no bond shall be required, unless such appeal personally concerns him, in which case he must give the bond." *See Vineyard*, 855 S.W.2d at 212. The *Vineyard* opinion does not expressly state whether the appeal personally concerned either of the co-executors.

The Texarkana Court of Appeals also construed former Section 29 as exempting an executor from filing a supersedeas bond to prevent execution of the underlying judgment pending appeal unless the appeal personally concerned the executor. *See In re Shore*, 106 S.W.3d 817, 821 (Tex.App.—Texarkana 2003, orig. proceeding). In *Shore*, the record showed that the executor was a devisee under the will and a ruling concerning the disposition of the estate's property among all the devisees under the will, if successful, would result in an increase in the executor's proportionate share of the estate as devisee. *See In re Shore*, 106 S.W.3d at 821. Consequently, the Texarkana Court of Appeals held that the executor was required to post a supersedeas bond because the appeal personally concerned him within the meaning of Section 29. *Id.*

We recognize that Section 351.002 refers to "appeal bond" rather than the more general term "bond" that appeared in the predecessor statute, but it was well understood that Article 2276 concerned the requirement that the appellant give security for costs on appeal by filing an appeal bond. *See Wilson v. Thompson*, 162 Tex. 390, 391, 348 S.W.2d 17, 17-18 (1961)(addressing whether Article 2276 relieved the trustees of a common school district and district trustees of a rural high school district from filing an appeal bond); *Wallace v. Adams*, 243 S.W. 572, 574 (Tex.Civ.App.—Texarkana 1922, writ dism'd w.o.j.)(observing that: "The state may appeal without bond; so may guardians and administrators; yet the judgments from which such appeals are prosecuted are automatically suspended without any specific statutory directions that such shall

- 4 -

be the result.").[4] We hold that when an executor or administrator of an estate appeals, he or she is not required to post a supersedeas bond unless the appeal personally concerns the executor or administrator. *See Ammex Warehouse*, 381 S.W.2d at 481; *In re Shore*, 106 S.W.3d at 821; *Vineyard*, 855 S.W.2d at 212. The Probate Court's order does not expressly state whether the appeal personally concerns Farley, but the record reflects that Farley is a court-appointed administrator who has no personal interest in the estate. Consequently, Farley is not required to post a supersedeas bond to suspend the judgment and his filing of a notice of appeal operated to suspend the judgment. *See* TEX.R.APP.P. 25.1(h). Wheatley's motion to require Farley to post a supersedeas bond is denied.

June 5, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

---

[4] This decision was cited with approval in *Ammex Warehouse*, 381 S.W.2d at 481.