W. L. OLDFIELD ET UX V. GILES P. LESTER, DISTRICT JUDGE ET AL.

No. A-636. Decided July 18, 1945.
(188 S. W., 2d Series, 982.)

*Fitzpatrick & Dunnam*, of Waco, for petitioners.

The action of the court in refusing to grant the supersedeas bond as requested and in taking immediate possession of the child and awarding it to the custody of Orphan's Home, was illegal, void and unauthorized. Legate v. Legate, 87 Texas 248,

28 S. W. 281; Harbison v. McMurray, 138 Texas 192, 158 S. W. (2d) 284; Vickers v. Faubion, 224 S. W. 803.

*Witt, Terrell, Lincoln, Jones & Riley* and *W. E. Terrell,* all of Waco, for respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an original application filed in this Court for writ of mandamus to require a trial judge to fix the amount of a supersedeas bond and to permit relators to supersede a judgment involving the custody of a child.

Relators, who have had the care and custody of a three-year-old-child for approximately eighteen months, filed suit in the district court against the mother of the child for permission to adopt the child and for judgment depriving the mother of the right to its custody. Upon the trial the jury found, in substance, that the mother was an unsuitable person to have custody of the child, and that the best interest of the child would be subserved by awarding its custody to some institution or person selected by the court. The jury further found that the best interest of the child would not be subserved by awarding its custody to relators and allowing them to adopt it. Judgment was entered awarding the custody of the child to the Methodist Orphans Home of Waco.

Relators appealed to the Court of Civil Appeals at Waco, and requested the trial judge to fix the amount of a supersedeas bond and to permit relators to supersede the judgment pending appeal. The request was denied. Relators then applied to the Court of Civil Appeals at Waco for writ of mandamus to compel the trial judge to fix the amount of the supersedeas bond, but their petition was denied. 188 S. W. (2d) 722.

The suit involves the custody of a child. This Court in Ex parte Wrather, 139 Texas 47, 161 S. W. (2d) 774, expressly held that under the provisions of subdivision (e) of Rule 364, Texas Rules of Civil Procedure, a final judgment involving the custody of a child could be superseded on appeal. See also Lanford v. Bishop (Tex. Civ. App.), 184 S. W. (2d) 502; Lawler v. Wray, District Judge (Tex. Civ. App.), 8 S. W. (2d) 524; Ex parte Kimbrough, 135 Texas 624, 146 S. W. (2d) 371; Jennings v. Berry (Tex. Civ. App.), 153 S. W. (2d) 725; 15 Tex. Jur., p. 672 sec. 168

. We are not advised on what theory the trial judge declined to allow the judgment to be superseded, but the Court of Civil Appeals seems to have been of the opinion that since the trial judge found that the child was a dependent and neglected child, the action was governed by the Delinquent Child Act, Article 2338-1, Vernon's Texas Civil Statutes

In the case of Espinosa et al v. Price, Chief Justice, et al, 144 Texas 121, 188 S. W. (2d) 576, this Court held that it was discretionary with the trial court and the appellate court as to whether a judgment adjudging a child to be a *delinquent* child should be superseded pending appeal. That holding necessarily followed because Section 21 of the Delinquent Child Act expressly so provided. However, there is nothing in the Delinquent Child Act which would make Section 21 thereof relating to the right to supersede a judgment in a delinquent child action applicable to an action for the custody of a child, even though it be a dependent and neglected child. In fact, Section 24-A of the Delinquent Child Act seems to provide to the contrary. That section of the Act provides as follows:

"This Act shall in no wise alter or affect existing laws with reference to dependent or neglected children as that term is defined by Article 2330, Revised Civil Statutes, 1925, and the District Court only shall have original jurisdiction in all proceedings wherein it is sought to have a child adjudged to be a dependent or neglected child, and its findings in such cases shall be entered in a book kept for that purpose to be known as 'Juvenile Record'." Acts 1943, 48th Leg.., p. 313, ch. 204.

We are of the opinion, therefore, that relators have the rights to supersede the judgment appealed from. The writ of mandamus will issue as prayed for.

Opinion delivered July 18, 1945.