### HARRIS et ux. v. TUCKER.

#### No. 3002.

Court of Civil Appeals of Texas. Waco.

July 3, 1951.

Ralph C. Watson, James J. Collins, both Dallas, for appellants.

Earl R. Parker, Dallas, for appellee.

HALE, Justice.

Sidney W. Harris and wife have presented their application to this Court for

a writ of mandamus to require one of the district judges of Dallas County to stay the execution of a judgment rendered in a child custody case pending an appeal from the judgment.

The record before us in the appealed case discloses that on September 16, 1950, relators filed their petition in the court below for the adoption of Alvin Dale Gillian, a boy eleven years of age. On November 8, 1950, an order was entered granting the petition but on November 21, 1950, Mrs. Mildred Gillian Tucker, the natural mother of the child, filed a motion for rehearing in the proceeding, wherein she contested the petition for adoption and prayed for the issuance of a writ of habeas corpus commanding relators to produce the child in court and that his custody be awarded to her or to one of her relatives. The issues raised by the pleadings were tried by the court without the aid of a jury and on April 5, 1951, the trial judge rendered judgment setting aside the prior order of adoption and awarded the custody of the boy to his maternal grandmother, Mrs. Maxine Davis of Grand Saline, Texas. Relators excepted to the judgment, gave notice of appeal to the Court of Civil Appeals at Dallas, and filed their motion in the court below for an order to stay execution of the judgment pending their appeal. On May 10, 1951, the trial judge denied the motion of relators to stay execution of the judgment on the express finding that such order would not be to the best interest of the minor. Relators caused the record of the appealed case to be filed in the Court of Civil Appeals at Dallas on May 24, 1951. Thereafter, the case was transferred by the Supreme Court into this Court and the application of relators for the writ of mandamus was filed here on June 12, 1951.

Relators say they are entitled to the issuance of the writ of mandamus here sought under the provisions of Rule 364, Texas Rules of Civil Procedure, and the holding of the courts in the following cases: Lawler v. Wray, District Judge, Tex.Civ.App., 8 S.W.2d 524; Ex parte Wrather, 139 Tex. 47, 161 S.W.2d 774; Lanford v. Bishop, Tex.Civ.App., 184 S.W. 2d 502; Oldfield v. Lester, District Judge, 144 Tex. 112, 188 S.W.2d 982. They also say the evidence introduced upon the trial of the case shows it will be to the best interest of the child to remain in their custody during the appeal.

By referring to Rule 364, TRCP, it will be noted that the Supreme Court amended this rule by adding subdivision (f) thereto on February 1, 1946, within less than six months after it had decided the case of Oldfield v. Lester, supra. This additional subdivision reads as follows: "Where the judgment is one involving the care or custody of a child, the appeal, with or without a supersedeas bond, shall not have the effect of suspending the judgment as to the care or custody of the child, unless it shall be so ordered by the court entering the judgment. However, the appellate court, upon a proper showing, may permit the judgment to be superseded."

We see no reason why the Supreme Court should have added subdivision (f) to Rule 364, TRCP, unless it was intended thereby to vest in the trial judges of this State the exercise of discretionary powers in determining whether or not a judgment involving the custody of a minor should be suspended during the pendency of an appeal from such judgment. Mandamus does not lie to an inferior court when the duty to be performed requires the exercise of judicial discretion, 28 T.J. p. 574, Sec. 33 and authorities. Hence, we are of the opinion that relators were not necessarily entitled as a matter of absolute right to have the trial judge to stay execution of the judgment appealed from and consequently that they are not entitled to the issuance of the writ of mandamus here sought. Bussan v. Holland, District Judge, Tex.Civ.App., 235 S.W.2d 657, pts. 1 and 2.

In the oral arguments which were submitted in this Court for and against the application for a writ of mandamus, it was stated by the attorneys for the opposing parties that on or about June 1, 1951, the custody of the boy here involved was delivered by relators to the boy's grandmother, Mrs. Maxine Davis. Since the judgment of the trial court has already

been executed, it appears to us that no useful purpose would be served by the entry of a stay order in the court below at this time or by an order of this court permitting the judgment to be suspended during the pendency of the appeal on its merits. Furthermore, from the entire record before us we cannot say it would be to the best interest of this boy to require his grandmother to return his custody to relators at this time, even though we had the judicial power, upon proper showing and request, to do so.

Accordingly, the application of relators for the issuance of the writ of mandamus here sought is denied.

TIREY, J., took no part in the consideration and disposition of this case.