Barbara **USSERY**, Appellant,

v.

Jane **NICHOLS**, Appellee.

No. 14985.

Court of Civil Appeals of Texas.

Houston.

Feb. 16, 1967.

John D. Bradshaw, Houston, for appellant.

J. M. Heidelberg, Houston, for appellee.

BELL, Chief Justice.

Jane Nichols, the grandmother of Michael Wayne Hill, a five year old boy, filed a petition asserting that Michael was a dependent and neglected child. After a trial before the Court without a jury, the boy was declared to be a dependent and neglected child. He was, however, left in the home of his stepfather and his mother, Mr. and Mrs. Ussery. The Court fixed visitation privileges for Mrs. Nichols. The judgment also appointed Mr. Fultz of the Harris County Probation Department to make an investigation to aid the Court in determining future custody.

■ Appellee raises the question of our jurisdiction because notice of appeal was not given within five days after the date of judgment, it being contended that Article 2338–1, Sec. 21, Vernon's Ann.Tex. Civ.St., applies and requires notice to be given within five days. Notice was actually given within ten days. Rule 353, Texas Rules of Civil Procedure, provides for such notice within ten days. Article 2338–1 deals with proceedings in delinquent child proceedings and not dependent and neglected child proceedings. Oldfield v. Lester, District Judge, 144 Tex. 112, 188 S.W.2d 982. Rule 353, T.R.C.P., therefore, governs. We thus have jurisdiction.

We will only briefly notice the evidence. It suffices to say that we have carefully read the entire statement of facts.

Indisputably the home of the Usserys is a clean, well kept one where Michael lives with his mother, stepfather and his half brother who is but a baby. No evidence reflects adversely on the moral character of Mr. or Mrs. Ussery. While there was some evidence that Mr. Ussery on occasions drinks beer, there is none from which a reasonable inference can be drawn that there is any excess in this. The evidence indisputably reflects that Michael is well fed and well clothed and is kept clean. The evidence also shows, particularly from the neighbors, that the Usserys are careful to see that in his play he remains off the streets. While the grandmother and great grandmother felt that on a few occasions Mrs. Ussery should have taken Michael to a doctor and she refused, there is no evidence of probative force that his health has really been neglected. In fact the evidence shows he is a normally healthy boy.

■ By way of brief and argument here, appellee really seeks to sustain the trial court's judgment on two grounds. First, appellee says the evidence shows the parents permit Michael to "use intoxicating liquor other than for medicinal purposes." The evidence at the most shows that on three or four occasions, when Mr. Ussery had been drinking beer and when there was but a very small amount in the bottle, Michael would place the bottle to his mouth and at the most take a sip, and then go away. Actually it but shows the curiosity of a child to taste a beverage its parent was drinking. The child, according to the evidence, really only wet his mouth with the beer. There is no evidence of probative force to evidence the

child was being permitted to use intoxicating liquor within the meaning of Article 2330, V.A.T.S.

■ Second, appellee urges cruelty as evidenced by excessive whippings by the stepfather, the stepfather employing a belt. It was testified to by the great grandmother and the grandmother that after one whipping that the great grandmother witnessed as she looked through a window some two hundred feet away, the next day she found blue marks on the little boy's buttocks, thighs and side. She said the whipping was with a belt but she had not actually seen the belt allegedly used. There is evidence that a light weight ladies' belt was on occasion used. We suppose the testimony of the marks appearing the next day constitutes evidence of probative force that there might be excessive punishment so as to amount to cruelty. However, when all evidence is considered, particularly that of the neighbors who were in the home from time to time and whose children played with Michael, and who had repeated opportunity to observe Michael's condition, we are of the view that a conclusion that there was cruelty or depravity on the part of the parents toward Michael is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

Reversed and remanded.