Ann RICHARDS, Governor of
Texas, et al., Appellants,

v.

Guadalupe MENA, et al., Appellees.

No. D-1549.

Supreme Court of Texas.

Oct. 30, 1991.

## ORDER

This action was filed on February 7, 1991, challenging the use of unadjusted 1990 United States Census data for redetermining the districts of members of the United States Congress from Texas, the Texas Senate, the Texas House of Representatives, and the Texas State Board of Education. Following an evidentiary hearing, the district court issued an order dated August 22, 1991, holding that the redistricting plans adopted by the Legislature for the State Senate and House of Representatives, and existing plans for the Congressional and State Board of Education districts, violated various provisions of the Texas Constitution. Based upon this holding, the district court enjoined the use of such plans. Defendants appealed directly to this Court, thereby suspending enforcement of the district court's injunction. TEX. CIV.PRAC. & REM.CODE § 6.001; *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 481–82 (Tex.1964). No party has complained of this suspension of the district court's order.

The district court set the trial of this case for October 1, 1991, to expedite a final determination. On September 23, 1991, appellants moved this Court to stay proceedings in the district court so that the parties could focus their efforts on the presentation of the issues in this appeal. The Court granted appellants' motion the next day, because the circumstances at that time appeared to warrant the relief. *Cf. Coalition of Cities for Affordable Utility Rates v. Third Court of Appeals*, 787 S.W.2d 946, 947 (Tex.1990). On October 9, 1991, we noted probable jurisdiction, TEX. CONST. art. V, § 3–b; TEX.GOV'T CODE § 22.001(c); TEX. R.APP.P. 140; granted the parties' requests to expedite consideration; established a briefing schedule; and set the case for oral submission on October 29, 1991.

At oral submission the parties advised the Court that the posture of the litigation has changed since the district court issued its order in that only the redistricting of the Texas House of Representatives remains in dispute between appellants and appellees, and that there are fact issues which must be resolved before all issues can finally be adjudicated. Intervenors in the district court have raised additional issues. A majority of the Court now concludes that its order staying proceedings in the district court should be vacated to allow the parties to proceed to trial and the district court to render a final judgment as expeditiously as possible.

These proceedings affect the 1992 primary and general elections. The filing period for candidates for the primary election opens December 3, 1991, and closes January 2, 1992. TEX.ELEC.CODE § 172.023. The parties and the district court have all expressed the interest that the issues raised in this case be resolved as quickly as possible to avoid disrupting the 1992 elections. The Court shares this concern and trusts that this litigation will be concluded in the district court with dispatch.

We retain jurisdiction of the direct appeal and express no opinion at this time concerning the issues raised. Enforcement of the district court's temporary injunction remains suspended. In vacating our stay order, we allow proceedings in the district court to continue.