Ronald VINEYARD, Jr. and David Neal Vineyard, Successor Co–Administrators of the Estate of Ben Lynn Vineyard, Jr., Deceased, Relators,

v.

The Honorable I.J. IRVIN, Presiding Judge, County Court of Wharton County, Texas, Respondent.

No. 13–93–142–CV.

Court of Appeals of Texas, Corpus Christi.

May 27, 1993.

James A. Porter, Chamberlain, Hrdlicka & White, Houston, Larry E. Wadler, Wharton, for relator.

Paul Webb, Wharton, Michelle I. Rieger, Winstead, Sechrest & Minick, Dallas, Gerald L. Meyer, U.S. Attys.' Office, Houston, Dayle Bebee Aulds, El Campo, L. Marc Grosz, III, Thomas N. Crowell, Steven D. Kesten, Mary Hogan Greer, Hutcheson & Grundy, Houston, V.O. 'Butch' Carden, East Bernard, for real parties.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Ronald and David Vineyard, Co-executors of the estate of Ben Vineyard, petition this court to issue a writ of mandamus directing the Honorable I.J. Irvin, Presiding Judge of the County Court of Wharton County, to vacate his order denying them the right to file a supersedeas bond to suspend an order of public sale, and further directing him to allow them to suspend the order of sale without filing a supersedeas bond. We conditionally grant the writ.

Ben Vineyard's estate owed $750,000 to Bank United of Texas, FSB, secured by a deed of trust on a piece of property in the estate known as the Rainbow Ranch. That debt was reduced to judgment on November 19, 1991, and filed as a claim against the estate. The bank later applied for an order for public sale of the Rainbow Ranch under the provisions of TEX.PROB.CODE ANN. § 338 (Vernon 1980). The trial court on March 5, 1993, announced, and on March 8, 1993, signed, an order for public sale to be held on the first Tuesday in June. The Vineyards presently complain of the probate court's March 5, 1993, order denying them the right to file a supersedeas bond to suspend that order of sale pending appeal.[1]

We first address the bank's contention that the present order of sale is not a final, appealable judgment subject to suspension by the filing of a supersedeas bond. Bank United argues that the order of public sale is in the nature of a writ of execution which is not independently appealable. However, we believe that an order of sale under the provisions of the Probate Code is very different from a post-judgment writ of execution.

■ With regard to ordinary executions, after the underlying judgment has become final, the clerk of the court issues a writ of execution pursuant to the terms of TEX. R.CIV.P. 621 *et seq.* Specifically, the sale of real property pursuant to a writ of execution is accomplished by the sheriff or levying officer by public auction at the courthouse door. *See* TEX.R.CIV.P. 646a. No order confirming the sale is required in order to pass title by sheriff's deed under TEX.CIV.PRAC. & REM.CODE § 34.045 (Vernon 1986). In addition, although the writ of execution is not itself an appealable order, *See Schultz v. Fifth Judicial District Court of Appeals,* 810 S.W.2d 738, 740 (Tex.1991), an improper execution sale may be set aside by an action in equity in the court out of which the writ was issued. *See Stanglin v. Keda Development Corp.,* 713 S.W.2d 94 (Tex.1986); *Hillkee Corp. v. Harrell,* 573 S.W.2d 558 (Tex.Civ.App.— Texarkana 1978, writ ref'd n.r.e.).

As distinguished from a writ of execution, TEX.PROB.CODE ANN. § 338 (Vernon 1980) provides for a creditor to obtain from the probate court an order for the sale of mortgaged property under the following conditions:

> Any creditor holding a claim secured by a valid mortgage or other lien, which has been allowed and approved or established by suit, may obtain from the court in which the estate is pending an order that said property, or so much thereof as

---

1. We note that the appeal from that order is now pending before this court.

necessary to satisfy his claim, shall be sold, by filing his written application therefor. Upon the filing of such application, the clerk shall issue citation requiring the representative of the estate to appear and show cause why such application should not be granted. If it appears to the court that it would be advisable to discharge the lien out of the general assets of the estate or that it be refinanced, he may so order; otherwise, he shall grant the application and order that the property be sold at public or private sale, as deemed best, as in ordinary cases of sales of real estate.

Thus, section 338 of the Probate Code requires a separate judicial order for the sale of the mortgaged property based generally on the probate court's determination of the best interest of the estate as weighed against the rights of the creditor. In this regard, a section 338 order for the sale of mortgaged property is not merely a ministerial function but requires the exercise of some judicial discretion and thus is more in the nature of a foreclosure judgment than merely a writ of execution. *See* TEX. R.CIV.P. 309. In addition, section 338 specifies that, pursuant to such an order, the property is to be sold "as in ordinary cases of sales of real estate," which we interpret to mean sales under the terms of the Probate Code; thus the sale is subject to further judicial scrutiny under the remaining provisions of that part of the Probate Code, TEX.PROB.CODE ANN. §§ 331–358, regarding the conduct of judicial sales.[2]

■ Whether an order of sale under section 338 is appealable, moreover, is determined by reference to TEX.PROB.CODE ANN. § 5(f) (Vernon Supp.1993), which provides that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." A probate order or judgment is final if it conclusively disposes of or is decisive of the issue or controverted question for which that particular part of the proceeding was brought, even if the decision does not fully and finally dispose of the entire probate proceeding. In other words, a probate order is appealable if it finally adjudicates a substantial right; on the other hand, if it merely leads to further hearings on the issue, it is interlocutory. *Huston v. Federal Deposit Insurance Corp.,* 800 S.W.2d 845, 848 (Tex.1990); *Estate of Wright,* 676 S.W.2d 161, 163 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) As the Fort Worth Court of Appeals has aptly stated:

> The probate court conducts its business in a continuing series of events. The nature of "administration" contemplates decisions to be made on which other decisions will be based. There must be a practical way to review erroneous, controlling, intermediate decisions before the consequences of the error do irreparable injury.

*Christensen v. Harkins,* 740 S.W.2d 69, 74 (Tex.App.—Fort Worth 1987, no writ).

■ Under the Probate Code provisions dealing with judicial sales, both the order of sale and an order confirming the sale are necessary for a valid transfer from the estate, and title will not pass without the order and confirmation. *Andrews v. Koch,* 702 S.W.2d 584, 586 (Tex.1986); *Walker v. Sharpe,* 807 S.W.2d 448, 450 (Tex.App.—Corpus Christi 1991, writ denied).

■ However, the decision to allow a judicial sale and the manner of sale are conclusively decided by the order of sale. Although a subsequent order confirming the sale is necessary to transfer title to the property and is specifically made appealable under the terms of section 355, the confirmation hearing addresses merely the

2. Specificity, the form and terms of that order of sale are subject to the requirements of section 346, a written report of sale must be timely filed with the court in accordance with section 353, and the court must enter a decree confirming the sale under section 355, after which the personal representative of the estate is required under section 357 to deliver to the purchaser a proper deed to the property. Under section 325, the personal representative must then pay the proceeds of the sale to the holder of the mortgage, subject to being ordered to do so upon failure to make such payment. The personal representative's subsequent failure to obey an order directing payment in turn allows the mortgage holder to have execution issued against the property of the estate under section 328(a).

fairness of the price and the conformity of the sale to the law and the provisions of the prior order of sale; it does not reopen the questions decided in the order of sale or amount to further hearings on the issues decided by that order. Thus, we hold that the present order of sale is a separately appealable final order under the terms of section 5(f). *See White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ); *Cf. Sibert v. Devlin,* 508 S.W.2d 658, 663 (Tex.Civ.App.—Texarkana 1974, no writ) (matters concerning the interest of each claimant for partition of the assets of an estate and the directions for division may be raised in an appeal from the decree of partition, but such matters may not later be reviewed in an appeal from the order confirming the partition made by the commissioners).

Having determined that an appeal properly lies from the order of sale, we now address the Vineyards' right to suspend that order by the posting of a supersedeas bond.

■ TEX.R.APP.P. 47(d) provides for the suspension of enforcement of a judgment of foreclosure on real property upon the posting of sufficient security. The present order of sale is in the nature of a foreclosure and is thus subject to Rule 47(d). The trial court generally has no discretion to refuse to fix the amount of a supersedeas bond under Rule 47. *Oldfield v. Lester,* 144 Tex. 112, 188 S.W.2d 982 (Tex.1945); *Elizondo v. Williams,* 643 S.W.2d 765, 767 (Tex.App.—San Antonio 1982, original proceeding); *Amalgamated Transit Union, Local Division 1338 v. Dallas Public Transit Board,* 430 S.W.2d 107, 120 (Tex. Civ.App.—Dallas 1968, writ ref'd n.r.e.), *cert. denied,* 396 U.S. 838, 90 S.Ct. 99, 24 L.Ed.2d 89 (1969); *but see City of Robstown v. Westergren,* 774 S.W.2d 739 (Tex. App.—Corpus Christi 1989, original proceeding) (the trial court does retain discretion under Rule 47(f) to refuse to supersede a judgment for permanent injunction).

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v.*

*Packer,* 827 S.W.2d 833, 840 (Tex.1992). In the present case, although we may review the sufficiency of a supersedeas bond set by the trial court under the provisions of TEX.R.APP.P. 49, there is no method under the appellate rules to review the trial court's order refusing to allow the appellant to file a supersedeas bond. Thus, the trial court may be compelled by writ of mandamus to fix the amount of a supersedeas bond. *See Oldfield,* 188 S.W.2d at 983; *Elizondo,* 643 S.W.2d at 767; *Amalgamated Transit Union,* 430 S.W.2d at 120.

■ If the Vineyards must file a supersedeas bond to suspend the present order of sale, we could now dispose of the present proceeding by directing the trial court to set aside its order denying them the right to file such a bond. However, the Vineyards further contend that as executors they are exempt from the requirement of posting bond and thus are entitled to suspend the order of sale without posting a supersedeas bond.

TEX.PROB.CODE ANN. § 29 (Vernon 1980) provides that, "[w]hen an appeal is taken by an executor, administrator, or guardian, no bond shall be required, unless such appeal personally concerns him, in which case he must give the bond." The Vineyards thus perfected their appeal from the present order of sale by filing their notice of appeal on March 18, 1993. We must now examine whether section 29 also allows them to suspend the order of sale by mere notice of appeal.

In *Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478, 480–82 (Tex.1964), the Texas Supreme Court recognized the right of the State to suspend judgment without filing a bond upon perfecting its appeal by giving proper notice. The *Ammex* court relied upon TEX.REV.CIV.STAT.ANN. art. 2276 (Vernon 1971) (repealed) to exempt the State from the requirement of giving bond when it elects to supersede the judgment of a trial court. Article 2276 provided that:

Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the

head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.

Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity.

The *Ammex* court noted that TEX.R.CIV.P. 364 (now TEX.R.CIV.P. 47) "makes only one requirement as a prerequisite for a supersedeas and that is the filing of a bond." *Id.*, 381 S.W.2d at 481. The *Ammex* court reasoned that, since article 2276 generally exempts the State from the requirement to give bond on any appeal, it is not required to file a supersedeas bond to suspend judgment on appeal. In addition, the *Ammex* court noted with approval an earlier case from the Amarillo Court of Civil Appeals, *Inman v. Texas Land & Mortgage Co.*, 74 S.W.2d 124 (Tex.Civ.App.—Amarillo 1934, no writ), which applied the same reasoning to excuse a guardian from the requirement of filing a supersedeas bond.

Article 2276 was subsequently repealed and its provisions are now separately codified in TEX.CIV.PRAC. & REM.CODE § 6.001 (Vernon 1986) (State and federal agencies), and TEX.PROB.CODE ANN. § 29 (Vernon 1980) (executors, administrators and guardians), with each statute retaining the general exemption from bond on appeal. Moreover, the Texas Supreme Court has recently reaffirmed the *Ammex* holding with regard to the State's exemption from supersedeas bond requirements under the present section 6.001 exemption. *Richards v. Mena*, 820 S.W.2d 371 (Tex.1991).

We perceive no substantive difference in the wording of TEX.PROB.CODE ANN. § 29 that would suggest it should be construed any more narrowly than either its predecessor or its sister statute. Therefore, we hold that the Vineyards are entitled to have the present order of sale suspended without the requirement of filing a supersedeas bond.

Accordingly, we conditionally grant writ of mandamus directing the trial court to set aside its order denying the Vineyards the right to file a supersedeas bond, but further direct the trial court to allow them to suspend the present judgment without the requirement of filing a supersedeas bond. However, the writ of mandamus will issue only if the trial court fails to comply.