NUMBER 13-02-022-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG






IN RE: THE ESTATE OF JAMES R. MCKISSICK, DECEASED




On appeal from the County Court at Law No. 3

of Nueces County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Castillo




 Richard M. McKissick, appellant ("McKissick"), appeals from denial of his motion for new trial and from entry of an order
admitting to probate the Last Will of James Richard McKissick dated February 10, 1999 (the "Will"). McKissick asserts:
(1) the existence of newly discovered evidence of undue influence on and lack of testamentary capacity of James Richard
McKissick ("McKissick's father"); and (2) lack of evidence to support admission of the Will to probate; and, in four
alternative issues, that (3) insufficient evidence supports admission of the Will to probate; (4) admission of the Will to
probate is against the overwhelming weight of the evidence; (5) the newly discovered evidence creates a fact issue with
regard to the testamentary capacity of McKissick's father; and (6) the trial court erroneously refused to admit certain
medical records into evidence at the hearing on McKissick's motion for new trial. We dismiss for lack of jurisdiction. 

I. PROCEDURAL BACKGROUND


 McKissick's father died on September 16, 2001. The Will named Catalina Moir ("Moir") as executor of McKissick's
father's estate and as a primary beneficiary. The Will also named McKissick and McKissick's daughter as beneficiaries. 
Moir filed the Will and an application for probate of the Will on September 20, 2001. The Will is self-proving and
contains the following clause:

 D. Clause Against Contesting. Should any beneficiary under this will directly or indirectly oppose the probate of this will
or commence, prosecute or aid in the prosecution of any legal proceeding having for its object the defeat in whole or in part
of any provisions of this will, such beneficiary shall be barred from participating in my estate. I revoke any gift herein
made to or for the benefit of such contestant. Any property forfeited by the operation of this paragraph shall be distributed
as if the offending beneficiary did not survive me. 



 The record reflects that citation was posted on September 20, 2001, notifying interested parties that the application and
Will were filed and could "be heard and acted on" after October 1, 2001. (2) On September 19 and 20, 2001, McKissick met
with Moir and Moir's attorney, who gave McKissick a copy of the Will. McKissick consulted an attorney but did not retain
her to file a will contest on his behalf. McKissick's attorney contacted probate court clerks on October 3, 5, and 8 to
determine if admission of the Will for probate was set for hearing. The attorney was told no hearing was set. The Will was
admitted to probate on October 10, 2001. 

 The order admitting the Will to probate authorized the issuance of letters testamentary and appointed Moir as independent
executor without bond. It determined that "a necessity exists for the administration of this estate" and ordered that "no
other action shall be had in this Court other than the return of an Inventory, Appraisement, and List of Claims as required
by law." 

 McKissick did not file a motion seeking to have Moir disqualified as personal representative of his father's estate or a
contest to admission of the Will to probate. However, on October 26, 2001, McKissick did file a motion for new trial
asserting that newly discovered evidence demonstrated the exertion of undue influence by Moir on McKissick's father as
well as McKissick's father's lack of testamentary capacity. On October 31, 2001, McKissick filed an amended motion for
new trial. In the amended motion, McKissick alleged that "an unnatural distribution was made" in the Will and that Moir
should not be named as executor "because of conduct that Movant believes will establish that the Will presented by Moir to
the Court was void because [McKissick's father] lacked testamentary capacity to execute the alleged Will or the Will was
obtained by undue influence of Catalina Moir or her operatives." A hearing on the motion began on November 5, 2001. 
The first judge recused, and the hearing continued on December 17 and 19, 2001 before a second judge. The motion for
new trial was overruled by operation of law. (3) This appeal ensued. 

II. JURISDICTION


 We first must determine whether we have jurisdiction over this appeal. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443 (Tex. 1993). We are obligated to determine, sua sponte, our jurisdiction to hear and consider an appeal.
N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam); Welch v. McDougal, 876 S.W.2d
218, 220 (Tex. App.-Amarillo 1994, writ denied). Because the question of jurisdiction is a legal question, we follow the de
novo standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Jurisdiction of a court is never
presumed. El-Kareh v. Tex. Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994, no
writ). If the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. Id. 
The jurisdiction of this Court is established exclusively by constitutional and statutory enactments. See, e.g., Tex. Const.
art. V, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988). Unless one of the sources of our authority specifically
authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); N. E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).
Absent an express grant of authority, we do not have jurisdiction to review an interlocutory order. Steeple Oil & Gas Corp.
v. Amend, 394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp.
2003). Therefore, before we consider the issues, we must first determine if the order admitting will to probate is a final
judgment. 

 A judgment is final if it disposes of all pending parties and claims in the record. Guajardo v. Conwell, 46 S.W.3d 862,
863-64 (Tex. 2001) (per curiam) (citingLehmann, 39 S.W.3d at 192 [sic]); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992) (orig. proceeding). The law does not require that a final judgment be in any particular form. Lehmann, 39
S.W.3d at 195. Therefore, whether a decree is a final judgment must be determined from its language and the record in the
case. Id.

 In the context of probate orders, "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable
to the courts of appeals." Tex. Prob. Code Ann. § 5(g) (Vernon 2003). An appealable order in a probate proceeding need
not be one that fully and finally disposes of the entire probate proceeding. Crowson v. Wakeham, 897 S.W.2d 779, 781-82
(Tex. 1995). A probate proceeding consists of a continuing series of events, in which the probate court may make
decisions at various points in the administration of the estate on which later decisions will be based. Logan v. McDaniel,
21 S.W.3d 683, 688 (Tex. App.-Austin 2000, pet. denied). The need to review controlling, intermediate decisions before
an error can harm later phases of the proceeding has been held to justify modifying the "one final judgment" rule. Id. In
determining the finality of an order in a probate matter, the supreme court instructs as follows:

 If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute
controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or
more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. 
For appellate purposes, it may be made final by a severance order, if it meets the severance criteria. . . . In setting this
standard, we are mindful of our policy to avoid constructions that defeat bona fide attempts to appeal.



Crowson, 897 S.W.2d at 783. Whether a party's substantial rights are adjudicated is an important factor in determining the
finality of an order in a probate matter. Estate of Loveless, 64 S.W.3d 564, 569 (Tex. App.-Texarkana 2001, no pet.)
(citingCrowson, 897 S.W.2d at 782-83). However, of equal importance is the requirement that the probate court's order
dispose of all issues in the phase of the proceeding in which it is signed. Id. 

 Here, no express statute controls. Thus, if the order admitting the Will to probate disposed of each issue raised in the
pleadings, conclusively disposed of that phase of the proceeding, and finally adjudicated a substantial right, it is final and
appealable. Estate of Padilla, No. 04-02-00363-CV, 2003 Tex. App. LEXIS 1047, at *5-*6 (San Antonio Feb. 5, 2003, no
pet. h.) (quoting Logan, 21 S.W.3d at 688);Vineyard v. Irvin, 855 S.W.2d 208, 210 (Tex. App.-Corpus Christi 1993, orig.
proceeding). On the other hand, if the order admitting the Will to probate merely leads to further hearings on an issue, it is
interlocutory. Vineyard, 855 S.W.2d at 210. 

III. ANALYSIS


A. Finality


 We note that an order distributing an estate to named beneficiaries conclusively disposes of that phase of the proceeding
and finally adjudicates a substantial right. See Estate of Padilla, 2003 Tex. App. LEXIS 1047, at *6 (holding that decree of
partition and distribution was final appealable judgment). Ordinarily, after entry of an order admitting a will to probate and
issuance of letters testamentary, distribution of an estate according to the terms of the will follows without further action by
the court, as provided here by the terms of the order admitting McKissick's father's Will to probate. However, we find that
distribution in this case cannot proceed until a determination is made whether McKissick's actions in filing the motion for
new trial triggered the provisions of the no-contest clause in his father's Will. 

 As a general rule, no-contest clauses in a will are construed strictly, and a breach of the clause should be declared only
when a beneficiary's acts fall within the express terms of the clause. Gunter v. Pogue, 672 S.W.2d 840, 842 (Tex.
App.-Corpus Christi 1984, writ ref'd n.r.e.). Some authorities hold that a beneficiary's challenge of the suitability of
another beneficiary's appointment as personal representative does not violate a no-contest provision in a will. See, e.g.,
Estate of Newbill, 781 S.W.2d 727, 729 (Tex. App.-Amarillo 1989, no writ). (4) Other particular actions have been held to
trigger the forfeiture provisions of a no-contest clause. See, e.g., Estate of Hamill, 866 S.W.2d 339, 343 (Tex.
App.-Amarillo 1993, no writ) (holding that beneficiary who appeals a judgment denying will contest is subject to
no-contest clause). (5) Finally, if it is determined that McKissick's motion for new trial does trigger the no-contest clause in
the Will, a further determination of whether McKissick filed the motion in good faith and on probable cause may follow.
See Gunter, 672 S.W.2d at 844. 

 Accordingly, we find that the order admitting the Will to probate merely leads to further hearings on the issue of
application of the no-contest clause in the Will. We hold that the order is interlocutory. See Vineyard , 855 S.W.2d at 210. 

B. Disposition


 In Lehmann, the supreme court stated that if an appellate court is uncertain about the intent of an order, it can abate the
appeal to permit clarification by the trial court. Lehmann, 39 S.W.3d at 196 (in context of summary judgment order). 
InMcNally, the supreme court remanded to the court of appeals to determine whether to abate or dismiss the appeal for
want of jurisdiction. McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). In determining whether to abate or dismiss,
we note that a court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or
irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. 
Tex. R. App. P. 44.3. An appellate court also is prohibited from affirming or reversing a judgment or dismissing an appeal
if the trial court's erroneous action or inaction prevents the proper presentation of an appeal and can be corrected by the trial
court. Tex. R. App. P. 44.4(a). Further, rule 27.2 provides that "[t]he appellate court may allow an appealed order that is
not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be
included in a supplemental record." Tex. R. App. P. 27.2. 

 Abatement of an appeal pursuant to rule 27.2 occurred in Iacono v. Lyons, 6 S.W.3d 715 (Tex. App.-Houston [1st Dist.]
1999, no pet.) (per curiam). In that case, the trial court signed a partial take-nothing summary judgment, and the next day
the plaintiff nonsuited the other defendant. Id. at 716. The trial court did not enter an order of nonsuit. Id. The court of
appeals noted that ordinarily, no order of nonsuit is required because a party is entitled to nonsuit on filing. Id. However,
the court went on to hold that when a nonsuit is filed after a partial summary judgment has been signed, the judgment is not
final on its face and does not become final until the trial court either signs an order of nonsuit or a final judgment explicitly
memorializing the nonsuit. Id. Because the trial court's action of signing an order or final judgment was ministerial, the
appellate court abated the cause and remanded to the trial court for sixty days to cure the jurisdictional defect, which if not
accomplished would result in dismissal for lack of jurisdiction. Id. 

 Here, rather than a ministerial act, a determination of the applicability of the no-contest clause may involve an evidentiary
proceeding and result in other rulings of the trial court, from which decisions the parties also will have an opportunity to
appeal. Determination of the issues associated with a no-contest clause in a will requires more than the determination of
"perfunctory issues which can be procedurally cured by the trial court entering a clarifying or similar order." Garcia v.
Comm'rs Court of Cameron County, Tex., No. 13-01-201-CV, 2003 Tex. App. LEXIS 2526, at *22 (Tex. App.-Corpus
Christi March 27, 2003, no pet. h.). We do not construe rules 27.2, 44.3, or 44.4(a) as conferring authority on an appellate
court to abate an appeal while significant issues yet to be resolved by the trial court. Id. We have no authority to abate. 

 For these reasons, we do not believe there is a final, appealable order before this Court over which we have jurisdiction, or
that the appeal merely can be abated until a final order is before the Court. This Court is without power to review the order
admitting will to probate. Garcia, 2003 Tex. App. LEXIS 2526, at *22. The appeal must be, and hereby is, dismissed for
want of jurisdiction. 

ERRLINDA CASTILLO

Justice

Opinion delivered and filed

this 10th day of April, 2003.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. See Tex. Prob. Code Ann. § 128(a) (Vernon 2003) (containing posting and notice requirements). 

3. Tex. R. Civ. P. 329b(c). 

4. Estate of Newbill construed the clause "If any beneficiary under this will in any manner directly or indirectly contests or
attacks this will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this
will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had
predeceased me without issue." Estate of Newbill, 781 S.W.2d 727, 728 (Tex. App.-Amarillo 1989, no writ).

5. Estate of Hamill construed the clause "If any beneficiary hereunder shall contest the probate or validity of this Will or
any provisions hereof, or shall be a party (except as a party defendant) to such a contest proceedings, regardless of whether
such proceeding is instituted in good faith and with probable cause, such beneficiary and all of his or her issue shall be
deemed for all purposes hereunder to have predeceased me, . . . ." Estate of Hamill, 866 S.W.2d 339, 341 n.3 (Tex.
App.-Amarillo 1993, no writ).