COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-09-384-CV

 

 

NYAGUDI O. OKUMU                                                           APPELLANT

 

                                                   V.

 

WELLS FARGO BANK, N.A.                                                     APPELLEE

 

                                              ------------

 

               FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

Appellee Wells Fargo Bank, N.A. moves to dismiss
this appeal for want of jurisdiction, asserting that the order Appellant
Nyagudi O. Okumu attempts to appeal is not a final order and is not subject to
appeal.  We agree, and we dismiss this
appeal for want of jurisdiction.








II.  Background

Okumu is
attempting to appeal from an order of sale made by the probate court in the
administration of the estate of Erma Lee Bays. 
Wells Fargo, the estate=s temporary
administrator, filed an application to sell real and personal property on
September 15, 2009.  Citation was issued
by posting on September 16, 2009.  See
Tex. Prob. Code Ann. ' 344 (Vernon Supp. 2009) (stating
that service of citation on an application for sale Ashall be by
posting@).

Okumu states that
he was served with the application for the sale of real and personal property
by certified mail on September 16, 2009, but that he received no notice of a
hearing on the application.  However,
such notice was not required since Okumu missed his deadline to file an
opposition to the sale.  See Tex.
Prob. Code Ann. ' 345A(a)B(b) (Vernon Supp.
2009) (stating that the court Ashall hold a
hearing on an application if an opposition to the sale is filed during the
period provided in the citation@; a hearing is not
required if no opposition is filed during the period provided in the citation).









The probate court
entered the order of sale on September 28, 2009.  Okumu claims that he learned of the order on
October 5, 2009, and filed a motion to vacate the order that day.[2]  He filed an amended motion to vacate on
October 22, 2009, the day after Wells Fargo filed a report of sale of personal
property.  This attempted appeal
followed.

III.  Discussion

Generally, an appeal
may be taken only from a final judgment, and typically, a judgment is not final
for purposes of appeal unless the judgment disposes of all pending parties and
claims in the record.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
However, one of the exceptions to this general rule exists in probate
cases.  See De Ayala v. Mackie, 193
S.W.3d 575, 578 (Tex. 2006); Crowson v. Wakeham, 897 S.W.2d 779, 781
(Tex. 1995).  








The probate code
provides that a final order issued by a probate court is appealable to the
court of appeals.  See Tex. Prob.
Code Ann. ' 4A(c) (Vernon
Supp. 2009) (formerly probate code section 5(g)).  Probate proceedings consist of a continuing
series of events in which the probate court may make decisions at various
points in the administration of an estate on which later decisions will be
based.  Logan v. McDaniel, 21
S.W.3d 683, 688 (Tex. App.CAustin 2000, pet.
denied).  Therefore, there are exceptions
to the Aone final judgment@ rule for these
cases because of the need to review controlling, intermediate decisions before
an error can harm later phases of the proceeding.  Id. 


To determine
whether an order is final under the probate code, and therefore appealable, the
supreme court has promulgated the following test:

If there is an express statute . . . declaring the phase of
the probate proceedings to be final and appealable, that statute controls.  Otherwise, if there is a proceeding of which
the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of,
then the probate order is interlocutory. 

 

Crowson, 897 S.W.2d at 783; see also De
Ayala, 193 S.W.3d at 578.  To apply
either part of the Crowson test, we must first identify the phase of the
probate proceeding at issue.  See In
re Estate of Wilson, No. 02-06-00075-CV, 2006 WL 2986566, at *2 (Tex. App.CFort Worth Oct.
19, 2006, no pet.).  Here, Okumu is
attempting to appeal the probate court=s September 28,
2009 AOrder of Sale of
Real and Personal Property@Can order
authorizing the sale of a house and all of its contents.  Therefore, this phase involves the sale of
estate property.  See, e.g., Tex.
Prob. Code Ann. ' 346 (Vernon Supp. 2009) (AOrder of Sale@).








Wells Fargo refers
us to probate code section 355 and In re Estate of Bendtsen, 229 S.W.3d
845 (Tex. App.CDallas 2007, no pet.), to support its
argument that the order from which Okumu attempts to appeal is interlocutory.

Section 355, entitled AAction of Court on
Report of Sale,@ states:

[a]fter
the expiration of five days from the filing of a report of sale, the court
shall inquire into the manner in which the sale was made, hear evidence in
support of or against such report, and determine the sufficiency or
insufficiency of the representative=s general bond, if any has been required and given; and, if
he is satisfied that the sale was for a fair price, was properly made and in
conformity with law, and has approved any increased or additional bond which
may have been found necessary to protect the estate, the court shall enter a
decree confirming such sale, showing conformity with the foregoing provisions
of the Code, and authorizing the conveyance of the property to be made by the
representative of the estate upon compliance by the purchaser with the terms of
the sale, detailing such terms.  If the
court is not satisfied that the sale was for a fair price, was properly made,
and in conformity with law, an order shall be made setting the same aside and
ordering a new sale to be made, if necessary. 
The action of the court in confirming or disapproving a report of
sale shall have the force and effect of a final judgment; and any person
interested in the estate or in the sale shall have the right to have such
decrees reviewed as in other final judgments in probate proceedings.

 








Tex. Prob. Code Ann. ' 355 (Vernon
2003) (emphasis added).  Estate of
Bendsten involved alleged beneficiaries under a competing will attempting
to appeal, as here, a probate court order authorizing the sale of the decedent=s residence.  229 S.W.3d at 846B47. 
The court held that section 355 specifically defined finality for
purposes of appeal, such that the order authorizing sale was only an
interlocutory probate court order, and it dismissed the appeal for want of jurisdiction.  Id. at 848 (describing the steps
involved in the sales phase of estate administration as the application to
authorize sale; order authorizing sale; report of sale; inquiry by the court
into the manner of sale; and decree of confirmation of the sale by the court). 

In response, Okumu
directs us to Vineyard v. Irvin, 855 S.W.2d 208 (Tex. App.CCorpus Christi
1993, orig. proceeding).  In Vineyard,
a bank applied for an order of public sale of an estate=s real propertyCproperty against
which it had a deed of trust that it had reduced to judgment.  Id. at 209.  The court concluded that the order of sale
was more like a foreclosure judgment than a writ of execution.  Id. at 210.  It then decided that although title would not
pass without both order and confirmation, the decision to allow a judicial sale
and the manner of sale Aare conclusively decided by the order of
sale,@ and that the
subsequent confirmation hearing and order merely address the fairness of the
price and conformity of the sale to the law and provisions of the order of
sale.  Id. at 210B11.  Because the confirmation hearing would not
reopen questions decided in the order of sale Aor amount to
further hearings on the issues decided by that order,@ the court
concluded that the order of sale was a separately appealable final order under
the probate code.  Id. at 211.








As noted by the Bendsten
court, the legislature has created a comprehensive statutory scheme to govern
this phase of the proceedings.  See
Bendsten, 229 S.W.3d at 848; see generally Tex. Prob. Code Ann. '' 331B358 (Vernon 2003)
(entitled AChapter VIII, Proceedings During
Administration, Part 5. Sales@).  Part 5 of
Chapter VIII of the probate code covers everything involved in the sale of
estate property, from the necessity of a court order for most sales, the
specific types of property (personal property, mortgaged property, real
property, easements) that can be sold, the required contents of the application
to sell, the items to be specified in the order of sale, public and private
sale requirements, and the contents for the report following sale, to the
action of the court on the report of sale, which is treated as a final
judgment.  Because of this section=s comprehensive
nature, we cannot conclude, as Okumu requests, that the order he complains of
is final and appealable.  To the
contrary, the language in part 5 and the reasoning presented in Bendsten
persuade us that the order at issue here is interlocutory and
unappealable.  








Additionally, Vineyard,
which sets out the Asubstantial right@ test, preceded CrowsonCand we are not
convinced that the rule cited by Okumu remains good law in light of the test
set out in Crowson.  Compare
Vineyard, 855 S.W.2d at 210 (AIn other words, a
probate order is appealable if it finally adjudicates a substantial right; on
the other hand, if it merely leads to further hearings on the issue, it is
interlocutory.@), with De Ayala, 193 S.W.3d
at 578 (acknowledging that courts had relied on the Asubstantial right@ test in the past
and that because that test was ambiguous, the supreme court formulated the Crowson
test), and In re Guardianship of Murphy, 1 S.W.3d 171, 173 (Tex.
App.CFort Worth 1999,
no pet.) (A[W]e question whether the >adjudication of a
substantial right= inquiry is still viable post-Crowson.@).  Therefore, we grant Wells Fargo=s motion and
dismiss the appeal for want of jurisdiction.[3]

 

PER CURIAM

PANEL:
MCCOY, LIVINGSTON, and MEIER, JJ.

DELIVERED:
January 7, 2010











[1]See Tex. R. App. P. 47.4.





[2]In his October 5 motion to vacate,
Okumu complained that he believed he had twenty days from the date of service
of the application to file a response or opposition to the application and that
he went to the clerk=s office on October 1, 2009, to
file his opposition.  In his amended
motion to vacate, Okumu explained that he believed that he would receive notice
when the clerk=s citation issued.  He complained that he did not receive the
citation Aeven though the Applicant knew he
was an interested party.@ 
However, as noted above, section 344 specifically states that service of
citation is by posting.





[3]We express no opinion with regard
to whether a petition for writ of mandamus would be appropriate here.  Cf. In re Wilcox, No. 09-08-00131-CV,
2008 WL 2917148, at *1B3 (Tex. App.CBeaumont July 31, 2008, orig.
proceeding) (mem. op.) (conditionally granting mandamus relief to compel trial
court to vacate its order to sell and distribute proceeds of some of estate=s real property; the trial court=s order had granted the real party
in interest=s motion for partial distribution);
In re Burgess, No. 05-06-00517-CV, 2006 WL 1000300, at *1 (Tex. App.CDallas Apr. 18, 2006, orig. proceeding)
(mem. op.) (denying petitions for writs of mandamus and of prohibition because
relators, in complaining that the probate judge erred by approving an
application for authority to sell real property, failed to show that the judge
clearly abused his discretion).