

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-384-CV

NYAGUDI O. OKUMU                                            APPELLANT

V.

WELLS FARGO BANK, N.A.                                      APPELLEE

------------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellee Wells Fargo Bank, N.A. moves to dismiss this appeal for want of jurisdiction, asserting that the order Appellant Nyagudi O. Okumu attempts to appeal is not a final order and is not subject to appeal. We agree, and we dismiss this appeal for want of jurisdiction.

------------

[1] ... *See* Tex. R. App. P. 47.4.

## II. Background

Okumu is attempting to appeal from an order of sale made by the probate court in the administration of the estate of Erma Lee Bays. Wells Fargo, the estate's temporary administrator, filed an application to sell real and personal property on September 15, 2009. Citation was issued by posting on September 16, 2009. *See* Tex. Prob. Code Ann. § 344 (Vernon Supp. 2009) (stating that service of citation on an application for sale "shall be by posting").

Okumu states that he was served with the application for the sale of real and personal property by certified mail on September 16, 2009, but that he received no notice of a hearing on the application. However, such notice was not required since Okumu missed his deadline to file an opposition to the sale. *See* Tex. Prob. Code Ann. § 345A(a)–(b) (Vernon Supp. 2009) (stating that the court "shall hold a hearing on an application if an opposition to the sale is filed during the period provided in the citation"; a hearing is not required if no opposition is filed during the period provided in the citation).

The probate court entered the order of sale on September 28, 2009. Okumu claims that he learned of the order on October 5, 2009, and filed a motion to vacate the order that day.[2] He filed an amended motion to vacate on

---

[2] In his October 5 motion to vacate, Okumu complained that he believed he had twenty days from the date of service of the application to file a

2

October 22, 2009, the day after Wells Fargo filed a report of sale of personal property.  This attempted appeal followed.

### III.  Discussion

Generally, an appeal may be taken only from a final judgment, and typically, a judgment is not final for purposes of appeal unless the judgment disposes of all pending parties and claims in the record.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  However, one of the exceptions to this general rule exists in probate cases.  *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006); *Crowson v. Wakeham*, 897 S.W.2d 779, 781 (Tex. 1995)*.*

The probate code provides that a final order issued by a probate court is appealable to the court of appeals.  *See* Tex. Prob. Code Ann. § 4A(c) (Vernon Supp. 2009) (formerly probate code section 5(g)).  Probate proceedings consist of a continuing series of events in which the probate court may make decisions at various points in the administration of an estate on which later decisions will be based.  *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000,

---

response or opposition to the application and that he went to the clerk's office on October 1, 2009, to file his opposition.  In his amended motion to vacate, Okumu explained that he believed that he would receive notice when the clerk's citation issued.  He complained that he did not receive the citation "even though the Applicant knew he was an interested party."  However, as noted above, section 344 specifically states that service of citation is by posting.

pet. denied). Therefore, there are exceptions to the "one final judgment" rule for these cases because of the need to review controlling, intermediate decisions before an error can harm later phases of the proceeding. *Id.*

To determine whether an order is final under the probate code, and therefore appealable, the supreme court has promulgated the following test:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson*, 897 S.W.2d at 783; *see also De Ayala,* 193 S.W.3d at 578. To apply either part of the *Crowson* test, we must first identify the phase of the probate proceeding at issue. *See In re Estate of Wilson,* No. 02-06-00075-CV, 2006 WL 2986566, at *2 (Tex. App.—Fort Worth Oct. 19, 2006, no pet.).

Here, Okumu is attempting to appeal the probate court's September 28, 2009 "Order of Sale of Real and Personal Property"—an order authorizing the sale of a house and all of its contents. Therefore, this phase involves the sale of estate property. *See, e.g.,* Tex. Prob. Code Ann. § 346 (Vernon Supp. 2009) ("Order of Sale").

4

Wells Fargo refers us to probate code section 355 and *In re Estate of Bendtsen*, 229 S.W.3d 845 (Tex. App.—Dallas 2007, no pet.), to support its argument that the order from which Okumu attempts to appeal is interlocutory. Section 355, entitled "Action of Court on Report of Sale," states:

> [a]fter the expiration of five days from the filing of a report of sale, the court shall inquire into the manner in which the sale was made, hear evidence in support of or against such report, and determine the sufficiency or insufficiency of the representative's general bond, if any has been required and given; and, if he is satisfied that the sale was for a fair price, was properly made and in conformity with law, and has approved any increased or additional bond which may have been found necessary to protect the estate, the court shall enter a decree confirming such sale, showing conformity with the foregoing provisions of the Code, and authorizing the conveyance of the property to be made by the representative of the estate upon compliance by the purchaser with the terms of the sale, detailing such terms. If the court is not satisfied that the sale was for a fair price, was properly made, and in conformity with law, an order shall be made setting the same aside and ordering a new sale to be made, if necessary. *The action of the court in confirming or disapproving a report of sale shall have the force and effect of a final judgment; and any person interested in the estate or in the sale shall have the right to have such decrees reviewed as in other final judgments in probate proceedings.*

Tex. Prob. Code Ann. § 355 (Vernon 2003) (emphasis added). *Estate of Bendsten* involved alleged beneficiaries under a competing will attempting to appeal, as here, a probate court order authorizing the sale of the decedent's residence. 229 S.W.3d at 846–47. The court held that section 355 specifically defined finality for purposes of appeal, such that the order

authorizing sale was only an interlocutory probate court order, and it dismissed the appeal for want of jurisdiction. *Id*. at 848 (describing the steps involved in the sales phase of estate administration as the application to authorize sale; order authorizing sale; report of sale; inquiry by the court into the manner of sale; and decree of confirmation of the sale by the court).

In response, Okumu directs us to *Vineyard v. Irvin*, 855 S.W.2d 208 (Tex. App.—Corpus Christi 1993, orig. proceeding). In *Vineyard*, a bank applied for an order of public sale of an estate's real property—property against which it had a deed of trust that it had reduced to judgment. *Id*. at 209. The court concluded that the order of sale was more like a foreclosure judgment than a writ of execution. *Id*. at 210. It then decided that although title would not pass without both order and confirmation, the decision to allow a judicial sale and the manner of sale "are conclusively decided by the order of sale," and that the subsequent confirmation hearing and order merely address the fairness of the price and conformity of the sale to the law and provisions of the order of sale. *Id*. at 210–11. Because the confirmation hearing would not reopen questions decided in the order of sale "or amount to further hearings on the issues decided by that order," the court concluded that the order of sale was a separately appealable final order under the probate code. *Id.* at 211.

As noted by the *Bendsten* court, the legislature has created a comprehensive statutory scheme to govern this phase of the proceedings. *See Bendsten*, 229 S.W.3d at 848; *see generally* Tex. Prob. Code Ann. §§ 331–358 (Vernon 2003) (entitled "Chapter VIII, Proceedings During Administration, Part 5. Sales"). Part 5 of Chapter VIII of the probate code covers everything involved in the sale of estate property, from the necessity of a court order for most sales, the specific types of property (personal property, mortgaged property, real property, easements) that can be sold, the required contents of the application to sell, the items to be specified in the order of sale, public and private sale requirements, and the contents for the report following sale, to the action of the court on the report of sale, which is treated as a final judgment. Because of this section's comprehensive nature, we cannot conclude, as Okumu requests, that the order he complains of is final and appealable. To the contrary, the language in part 5 and the reasoning presented in *Bendsten* persuade us that the order at issue here is interlocutory and unappealable.

Additionally, *Vineyard*, which sets out the "substantial right" test, preceded *Crowson*—and we are not convinced that the rule cited by Okumu remains good law in light of the test set out in *Crowson*. *Compare Vineyard*, 855 S.W.2d at 210 ("In other words, a probate order is appealable if it finally

7

adjudicates a substantial right; on the other hand, if it merely leads to further hearings on the issue, it is interlocutory."), *with De Ayala*, 193 S.W.3d at 578 (acknowledging that courts had relied on the "substantial right" test in the past and that because that test was ambiguous, the supreme court formulated the *Crowson* test), *and In re Guardianship of Murphy*, 1 S.W.3d 171, 173 (Tex. App.—Fort Worth 1999, no pet.) ("[W]e question whether the 'adjudication of a substantial right' inquiry is still viable post-*Crowson*."). Therefore, we grant Wells Fargo's motion and dismiss the appeal for want of jurisdiction.[3]

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and MEIER, JJ.

DELIVERED: January 7, 2010

---

[3] We express no opinion with regard to whether a petition for writ of mandamus would be appropriate here. *Cf. In re Wilcox*, No. 09-08-00131-CV, 2008 WL 2917148, at *1–3 (Tex. App.—Beaumont July 31, 2008, orig. proceeding) (mem. op.) (conditionally granting mandamus relief to compel trial court to vacate its order to sell and distribute proceeds of some of estate's real property; the trial court's order had granted the real party in interest's motion for partial distribution); *In re Burgess*, No. 05-06-00517-CV, 2006 WL 1000300, at *1 (Tex. App.—Dallas Apr. 18, 2006, orig. proceeding) (mem. op.) (denying petitions for writs of mandamus and of prohibition because relators, in complaining that the probate judge erred by approving an application for authority to sell real property, failed to show that the judge clearly abused his discretion).